DOCTORS, INC., a/k/a Doctors
Hospital, Appellant,

v.

BLUE CROSS OF GREATER PHILA-
DELPHIA a/k/a Associated Hospital
Service of Philadelphia

and

Hospital Survey Committee,
Inc., Appellees.

No. 75–2166.

United States Court of Appeals,
Third Circuit.

Argued April 19, 1976.

Decided April 28, 1976.

John Francis Gough, Michael H. Malin, John M. Fowler, White and Williams, Philadelphia, Pa., for appellant.

Miles W. Kirkpatrick, Stephen W. Armstrong, Raymond T. Cullen, Philadelphia, Pa., for appellee, Blue Cross of Gr. Philadelphia, Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel.

Henry T. Reath, Jane D. Elliott, Duane, Morris & Heckscher, Philadelphia, Pa., for appellee, Hospital Survey Committee, Inc.

Before ALDISERT, ADAMS * and WEIS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

After a remand from this Court, *see* 490 F.2d 48 (3d Cir. 1973), the district court entered summary judgment for the defendants,[1] reasoning that:

(1) The state action exemption as announced in *Parker v. Brown*, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), was properly invoked;

(2) The statutory exclusion of the "business of insurance" by the terms of the McCarran-Ferguson Act, 15 U.S.C. § 1012 was applicable; and

(3) There was no boycott, coercion or intimidation which would avoid the provisions of the McCarran-Ferguson Act.

We affirm the judgment of the district court on the basis that the facts of this case bring it within the scope of our holding in *Travelers Insurance Co. v. Blue Cross of Western Pennsylvania*, 481 F.2d 80 (3d Cir. 1973). Thus, we conclude that the "business" provisions of the McCar-

---

* Circuit Judge Adams did not participate in the decision in this case.

1. The opinion of the district court is reported at 431 F.Supp. 5.

ran-Ferguson Act remove Blue Cross' conduct here from coverage of the Sherman Act. We agree also with the district court's conclusion that there was no boycott, coercion or intimidation which would affect the applicability of the McCarran-Ferguson Act.

We do not reach the state action issue and intimate no view on whether the holding of *Parker v. Brown, supra,* governs disposition of this case.

The judgment of the district court will be affirmed.