**FRANKFORD HOSPITAL, Appellant,**

v.

**BLUE CROSS OF GREATER PHILADELPHIA.**

**No. 76–2049.**

United States Court of Appeals, Third Circuit.

Argued April 1, 1977.

Decided May 2, 1977.

Samuel P. Lavine, Carl T. Bogus, Steinberg, Greenstein, Gorelick & Price, Philadelphia, Pa., for appellant.

Miles W. Kirkpatrick, Raymond T. Cullen, Jr., Stephen W. Armstrong, Philadelphia, Pa., for Blue Cross of Greater Philadelphia; Morgan, Lewis & Bockius, Philadelphia, Pa., of counsel.

James H. Stewart, Jr., Nauman, Smith, Shissler & Hall, Harrisburg, Pa., for the Hospital Association of Pennsylvania.

Before SEITZ, Chief Judge, and ALDISERT and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This action was commenced by Frankford Hospital against Blue Cross alleging violations of §§ 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 and 2, and asserting a pendent state claim under Pennsylvania common law. After certifying Frankford as a class

---

**40.** *See Vickery, supra* note 26, at 65–66.

representative for purposes of injunctive relief, and after extensive discovery, the district court granted Blue Cross' motion for summary judgment on the federal claims and declined to exercise jurisdiction over the state law claim. Frankford appealed.

The narrative or historical facts are not in dispute. The issue is purely one of law: whether Blue Cross' conduct is exempted from the Sherman Act by the McCarran-Ferguson Act, 15 U.S.C. § 1011 *et seq.* As the district court correctly concluded, that issue is settled by *Travelers Insurance Co. v. Blue Cross,* 481 F.2d 80 (3d Cir.), *cert. denied,* 414 U.S. 1093, 94 S.Ct. 724, 38 L.Ed.2d 550 (1973), and by *Doctors, Inc. v. Blue Cross,* 557 F.2d 1001 (3d Cir. 1976). Those cases establish that the "business of insurance" provision [1] of the McCarran-Ferguson Act exempts Blue Cross' conduct here from the coverage of the Sherman Act unless "boycott, coercion, or intimidation" is demonstrated which would remove the McCarran-Ferguson Act exemption.[2] We agree with the district court that none of these elements was present here.

Accordingly, we will affirm the judgment of the district court on the grounds that the McCarran-Ferguson Act exemption applies and that there was no boycott, coercion, or intimidation to remove the exemption. We will also affirm the district court's refusal to exercise jurisdiction over the state law claim.

The judgment of the district court will be affirmed.

---

**1.** 15 U.S.C. § 1012(b) provides:

   . . . the Sherman Act . . . shall be applicable to the business of insurance to the extent that such business is not regulated by State law.

**2.** 15 U.S.C. § 1013(b) provides:

Nothing contained in this chapter shall render the said Sherman Act inapplicable to any agreement to boycott, coerce, or intimidate, or act of boycott, coercion, or intimidation.