MICHIGAN STATE PODIATRY ASSOCIATION, et al., Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF MICHIGAN, Defendant.

Civ. A. No. 81–3412.

United States District Court, E.D. Michigan, S.D.

Nov. 20, 1987.

Gregory L. Curtner, Detroit, Mich., Thomas Hitch, Lansing, Mich., for plaintiffs.

Lisa DeMoss, Henry Saad, Detroit, Mich. (Kaye, Scholer, Fierman, Hays & Hays, New York City, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

SUHRHEINRICH, District Judge.

This matter is before the Court on plaintiff class representatives' (hereinafter plaintiffs) motion for rehearing. At the Court's request, defendant Blue Cross and

Blue Shield of Michigan (BCBSM) has submitted a response.

Motions for reconsideration are governed by Local Rule 17(m)(3). That Rule states:

**Grounds**

Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

In the present motion, plaintiffs raise several procedural issues which the Court has not previously addressed. These issues shall be given full consideration by the Court.

### I. *Procedural Issues*

Initially, the plaintiffs seek the Court's consideration of evidence not previously before the Court. Specifically, in support of their motion for reconsideration, plaintiffs have submitted two affidavits which have previously not been filed with the Court. Additionally, plaintiffs contend that exhibits which they had prepared for submission at trial demonstrate that reconsideration should be granted. The propriety of these submissions shall be carefully considered by the Court.

■ First, plaintiff's trial exhibits were never filed with the Court. As these exhibits have not been properly submitted to the Court, the Court cannot consider them. *See* Fed.R.Civ.P. 56(c).

■ Further, the affidavits of Dr. Thomas Abraham and Dr. Shay Rosenfeld shall not be considered.[1] These affidavits are untimely and also do not alert the Court to

any previously unconsidered issues of material fact.[2] Plaintiffs offer no plausible explanation for the untimeliness of these affidavits. Thus, the Court shall not consider these affidavits. *See Hooks v. Hooks,* 771 F.2d 935, 946 (6th Cir.1985) (it is within discretion of district court whether to consider affidavits submitted in an untimely fashion).

■ Finally, despite plaintiffs' contention that "their evidentiary submissions [on the conspiracy and anticompetitive effect issues] were designed to be illustrative of the genuine issues of fact not exhaustive and that the Court should not have concluded that the failure to highlight more of their evidence means that such evidence does not exist," the Court finds no merit in plaintiffs' argument. Fed.R.Civ.P. 56(c) clearly establishes that:

The judgment sought shall be rendered forthwith *if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law* (emphasis added).

As noted above, plaintiffs' trial exhibits were not filed with the Court and so cannot be considered by the Court. Additionally, it is well-established that a party opposing summary judgment is not entitled to reserve its evidence until trial. *Walker v. Hoffman,* 583 F.2d 1073, 1075 (9th Cir. 1978); *Martin v. City of New York,* 627 F.Supp. 892, 897 (E.D.N.Y.1985); *Frankford Hospital v. Blue Cross of Greater Philadelphia,* 417 F.Supp. 1104, 1110 (E.D. Pa.1976), *aff'd,* 554 F.2d 1253 (3d Cir.), *cert. denied,* 434 U.S. 860, 98 S.Ct. 186, 54 L.Ed. 2d 133 (1977). Further, Rule 56(e) imposes a burden on the nonmoving party when a properly supported motion for summary

---

1. It is debatable whether these affidavits should be considered under any circumstances as they contain facts which would not be admissible in evidence. Pursuant to Fed.R.Civ.P. 56(e), these facts cannot be considered by the Court in determining a motion for summary judgment. *First National Bank Co. v. Insurance Co. of North America,* 606 F.2d 760 (7th Cir.1979).

2. Plaintiff's counsel addressed the purchase of supplies from out of state by Dr. Abraham at hearing. The Court considered counsel's statements when deciding the motion for summary judgment.

judgment is made. The nonmovant "may not rest upon the mere allegations or denials of his pleading, but his response ... must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." *See also Celotex Corp. v. Cattrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Clearly, the plaintiffs, as the nonmoving party in this motion, have a burden to present facts to the Court showing that there is a genuine issue of material fact. The text of the Rule explicitly informs the plaintiffs that a failure to set forth such facts can result in a grant of summary judgment for the defendant. The Court finds the plaintiffs' recitation of exhibits and facts not filed with or properly presented to the Court to be without merit.

## II. *Sherman Act Issues*

In addition to the procedural questions, the plaintiffs clearly seek a determination by the Court that a violation of Section 1 of the Sherman Act occurred. As set forth in this Court's Memorandum Opinion and Order of August 24, 1987, three elements must be proven to establish a Section 1 violation: (1) a contract, combination, or conspiracy; (2) an unreasonable restraint of trade due to the contract, combination, or conspiracy; and (3) an effect of the unreasonable restraint on interstate or foreign commerce. The plaintiffs have raised procedural questions as to the Court's conclusions in each of these areas.

### A. Conspiracy

On the conspiracy issue, the plaintiffs contend merely that the Court should consider their trial exhibits. This issue has been thoroughly addressed above.

### B. Restraint of Trade

The plaintiffs also contend that summary judgment should not have been granted for the defendants on the issue of restraint of trade. In support of their contention, the plaintiffs have asked the Court to consider their trial exhibits on the antitrust injury issue. As discussed earlier, the Court shall not consider these unfiled exhibits.

■ Additionally, although the plaintiffs argue that an injury to *competitors* occurred in this case, there has been no showing of an injury to *competition.* An antitrust injury is not established by mere allegations that a competitor makes less money than previously. *Brillhart v. Mutual Medical Insurance Co.,* 768 F.2d 196, 200 (7th Cir.1985). Rather, in order for an antitrust injury to occur, there must be an injury to competition. *Cargill v. Monfort of Colorado, Inc.,* 479 U.S. 104, 107 S.Ct. 484, 93 L.Ed.2d 427 (1986).

■ Plaintiffs have not demonstrated that the complained-of BCBSM cost containment procedures resulted in an antitrust injury. None of the depositions submitted to the Court suggest that patients were lost due to the screen levels. Further, the suggestions by several podiatrists that patients may have been lost to other physician groups due to the Predetermination Program were not supported by the facts.[3] The Court concludes that these allegations at best present merely colorable evidence of an antitrust injury. As such, those allegations of patient loss do not dictate the reconsideration of this Court's grant of summary judgment for BCBSM. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (summary judgment may be granted when the evidence is merely colorable).

■ Further, the plaintiffs' assertions that their expert's affidavit shows a reduction in patients and income of podiatrists with a concomitant increase in patients and income to MDs are unsubstantiated. As stated by plaintiffs' counsel at hearing, the

---

**3.** The Court notes that only one podiatrist could give specific facts indicating that a patient was lost to a nonpodiatrist. In that instance, a patient's mother allegedly told the podiatrist involved that the patient was now seeing a DO. The Court offers no opinion as to whether this information would be admissible in evidence. However, even were this information admissible, it is clear that the patient was not lost to an MD. None of the other podiatrists could name a patient lost to an MD.

statistics produced by Dr. McCarthy were partially based on procedures which were not foot specific. Inasmuch as these statistics do not address the foot care market, they are irrelevant to the existence of an antitrust injury in the foot care market.[4]

■ Finally, the plaintiffs have placed emphasis on the fact that BCBSM submitted extracts of depositions to the Court *after* the hearing on this motion. However, the Court has great leeway as to the evidence it will consider in the context of a motion for summary judgment. 10A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2721–24 (2d ed. 1983 and Supp.1987). As Fed.R.Civ.P. 56(e) provides, "[t]he Court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." In the present case, the Court provided all parties with the opportunity to supplement the facts before the Court. This opportunity was given to counsel during the course of the hearing on the summary judgment motion. The parties were given the same deadline for filing supplemental materials; however, the Court granted the plaintiffs a one day extension. No challenges to the supplementary materials submitted to the Court were made prior to the grant of summary judgment.

It is clear that unchallenged materials may be considered by the Court. 10A C. Wright, A. Miller, and M. Kane, *supra,* § 2722; *Townsend v. Columbia Operations,* 667 F.2d 844, 849 (9th Cir.1982). Further, if an objection is untimely, it is deemed waived. 10A C. Wright, A. Miller, and M. Kane, *supra.* In the present case, the plaintiffs' objections to the deposition extracts submitted by BCBSM were raised after summary judgment was granted. The Court finds these objections to be untimely and, hence, waived. The Court also finds that these unchallenged deposition extracts were properly considered in determining the motion for summary judgment.

**C. Interstate Commerce**

The plaintiffs raise several questions regarding the Court's determination that the actions complained of did not occur in interstate commerce. First, the plaintiffs are apparently upset that the Court considered the interstate commerce argument *sua sponte.* Second, the plaintiffs contend that the Court, "in contravention to Rule 56," considered affidavits on the interstate commerce question which were filed after the date of the hearing. Third, the plaintiffs appear to dispute the Court's determination that no effect on interstate commerce existed in this case.

■ As the Court made clear in its Memorandum Opinion, there must be an effect on interstate commerce in order for the Court to have jurisdiction over an alleged Section 1 case. Such subject matter jurisdiction may be addressed by the Court *sua sponte. Stone v. William Beaumont Hospital,* 782 F.2d 609, 613 and n. 3 (6th Cir. 1986). Thus, the plaintiffs' contentions on this issue are without merit.

The plaintiffs' challenges to the supplementary affidavits filed by BCBSM are also meritless. As set forth earlier, if an objection to materials before the Court on a summary judgment motion is untimely, it is waived. Since the plaintiffs' objections were not raised until the instant motion, they have been waived. The Court properly considered the affidavits which BCBSM submitted.

■ Finally, although the Court has previously addressed the interstate commerce issue in its Memorandum Opinion, it shall consider the arguments raised by plaintiffs on this issue. The plaintiffs argue that they "systematically transact business in interstate commerce." The business referred to is the purchase of supplies from out-of-state companies and the occasional rendering of care from out-of-state patients. However, the Sixth Circuit has determined that plaintiffs "must allege sufficient facts concerning the alleged violations

---

**4.** Additionally, at hearing, plaintiffs' counsel admitted that one possible explanation for the low number of predetermination claims submitted

by MDs and DOs to BCBSM is that the foot care market was abandoned by the MDs and DOs.

**1244**

and [their] likely effect on interstate commerce to support an inference that the defendants' activities infected by illegality either have had or can reasonably be expected to have a not insubstantial effect on commerce." *Stone, supra* at 614, *quoting with approval Furlong v. Long Island College Hospital,* 710 F.2d 922, 926 (2d Cir.1983). The *Stone* court notably rejected the contention that purchases of supplies from out-of-state sources and out-of-state patient income were sufficient to establish a nexus with interstate commerce. *Stone,* 782 F.2d at 613. On the basis of Sixth Circuit precedent, the Court concludes that plaintiffs have not established that a nexus with interstate commerce exists. Thus, the Court finds that plaintiffs' arguments as to interstate commerce are without merit.

For the reasons stated above,

IT IS HEREBY ORDERED that plaintiffs' motion for rehearing is DENIED.