The **PERSONAL TOUCH, INC.**

v.

**LENOX, INC.**

Civ. A. No. 87–6331.

United States District Court,
E.D. Pennsylvania.

March 14, 1989.

See also 122 F.R.D. 470.

Edward F. Kane, Norristown, Pa., for Personal Touch, Inc.

Lawrence J. Fox, Peter Norberg, Philadelphia, Pa., for Lenox, Inc.

## MEMORANDUM

LOWELL A. REED, Jr., District Judge.

Before the court in this breach of contract action is the motion of the defendant Lenox, Inc. for summary judgment. Because I find that there are no genuine issues of material fact, summary judgment is appropriate. Fed.R.Civ.P. 56(c). *See Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). For the reasons set forth below, I will grant the motion of the defendant and enter summary judgment in its favor.

I

*Factual Background*

The facts, as stipulated to by the parties, are as follows: Personal Touch developed plans to market a commemorative plate, to be known as the "Philadelphia Plate," and commissioned Joseph W. McDermott to produce a drawing, selecting a motif incorporating several popular historical images,

for the plate. Neither McDermott nor Personal Touch copyrighted McDermott's drawing. In late 1986, Personal Touch approached Lenox Awards, a division of Lenox which manufactures advertising specialty items and corporate business gifts, to discuss having Lenox manufacture the Philadelphia Plate. Lenox agreed to manufacture the Philadelphia Plate, a process that would involve imprinting McDermott's drawing on a Lenox plate, and, in February 1987, Personal Touch subsequently placed a purchase order with Lenox at the agreed price of $35.00 per plate. Personal Touch prepared a marketing campaign for the Philadelphia Plate.

On or about August 1, 1987, Lenox, without notifying Personal Touch, began publication and distribution of a brochure which included a photograph of a prototype of the Philadelphia Plate, imprinted in gold, for $20.00 per plate. The brochure was designed to showcase the ability of Lenox to imprint artwork on crystal and china. A total of 10,000 copies of the brochure were printed, of which 9,200 were distributed.

On August 11, 1987, Personal Touch saw the Lenox brochure while visiting the Lenox offices. From and after that date, Personal Touch abandoned any efforts to market the Philadelphia Plate. The following day, Personal Touch sent a letter to Lenox cancelling their order for the Philadelphia Plates and requesting Lenox to cease distribution of its brochure pending legal action. Lenox declined to stop distribution of the brochure, but agreed to refer any inquiries concerning the Philadelphia Plate to Personal Touch and to eliminate the Plate from the next edition of its catalog. Personal Touch rejected defendant's offer and instituted this action.

## II

*Discussion*

Under the Federal Rules of Civil Procedure, summary judgment may be granted when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). For a dispute to be "genuine," the evidence must be such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). To establish a genuine issue of material fact, the non-moving party must introduce evidence beyond the mere pleadings to create an issue of material fact on "an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The evidence presented must be considered in a light most favorable to the non-moving party and that party must receive the benefit of all reasonable inferences arising from that evidence. *Gans v. Mundy*, 762 F.2d 338, 341 (3d Cir.), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1985).

Although defendant's motion for summary judgment addresses all six counts of the amended complaint, plaintiff, in its reply to the motion, notified the court that it will not pursue four of the six counts initially asserted in its amended complaint. Accordingly, I will only address Counts III (Breach of Contract) and VI (Breach of Trust) of the amended complaint.

Personal Touch essentially alleges that Lenox breached an implied right to confidentiality and to exclusivity by offering the Philadelphia Plate to competitors for a reduced rate. As a result, plaintiff claims that its credibility with potential customers was injured. Because the breach of trust claim is also based on a right to confidentiality, I will discuss the two claims together.

Although Personal Touch admits that the contract itself does not expressly provide for confidentiality or exclusivity, it offers two reasons for this court to find that such a duty exists under the terms of the contract. First, it contends that a right to confidentiality and exclusivity must be implied based upon common trade usage, and second, that such a duty must be implied based upon Section 205 of the Restatement (Second) of Contracts relating to good faith and fair dealing.

I reject both these contentions and find that there was no implied or express provision regarding confidentiality or exclusivity in the contract. First, as to plaintiff's assertion that the common trade usage mandates confidentiality or exclusivity, I find the record devoid of evidence indicating precisely what the common trade usage in the parties' industry is. "[Federal Rule of Civil Procedure] 56(e) provides that, when a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Although plaintiff asserts that it is "prepared to present" such testimony at trial, it is clear that "[a] party who resists summary judgment cannot hold back his evidence until the time of trial." *Frankford Hospital v. Blue Cross of Greater Philadelphia,* 417 F.Supp. 1104, 1110 (E.D.Pa.1976), *aff'd,* 554 F.2d 1253 (3d Cir.), *cert. denied,* 434 U.S. 860, 98 S.Ct. 186, 54 L.Ed.2d 133 (1977). Because there is no evidence in the record regarding trade usage and because it is clear that plaintiff "cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions," *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir.1981), I find that plaintiff's contention that common trade usage required the imposition of a duty of confidentiality and exclusivity must fail.

Second, Personal Touch argues that the Restatement (Second) of Contracts, Section 205, relating to good faith and fair dealing suggests that an exclusivity provision should be implied into the contract. I do not read section 205 to require such a specific duty. I interpret the general requirement of section 205 that every contract implies a duty of good faith and fair dealing in its performance and enforcement to mean that, based on the totality of the circumstances, the parties must deal fairly and in good faith with each other. "Good faith" has been defined as "[h]onesty in fact in the conduct or transaction concerned." *Loos & Dilworth v. Quaker State Oil Refining Corp.,* 347 Pa.Super. 477, 487, 500 A.2d 1155, 1160 (Pa.Super. 1985) (citing 13 Pa.Cons.Stat.Ann. § 1201 (Purdon 1984)). Based on the record before me, and using the definition of "good faith" cited above, I find that the spirit of section 205 has not been violated and that the defendant did not breach its duty of good faith and fair dealing.

Plaintiff contends that defendant, having been retained merely to manufacture the Philadelphia Plate, did not have a right to market the product or to set a different wholesale price than the one it charged Personal Touch. Contrary to plaintiff's position, there is no evidence in the record that Lenox ever intended to either market or sell the Philadelphia Plate to anyone other than the plaintiff. Personal Touch alleges, however, that the fact that the brochure contained prices next to the plates gave the impression that one might buy the Philadelphia Plate from Lenox at a lower price than one would pay for the plate if purchased through Personal Touch. Personal Touch alleges its competitors could use the brochure to make customers feel that they were being cheated by Personal Touch: in other words, to destroy its credibility with purchasers. I find no evidence in the record to support such a contention. On the contrary, it seems clear from the record that Lenox was merely attempting to convey to its customers its *ability* to imprint designs onto its china. Plaintiff has offered no evidence which indicates that defendant ever sought to market or sell the Philadelphia Plate to anyone but Personal Touch.

Finally, even if I assume, arguendo, that Lenox offered the Philadelphia Plate for sale at a reduced rate, Personal Touch has offered no evidence that it was actually damaged by the publication of the brochure. Because plaintiff itself rejected defendant's offer to refer any inquiries from its customers to Personal Touch and to eliminate the plate from the next edition of its catalog, and instead chose to completely dismantle and discontinue its marketing and sales plan for the Plate, it is virtually impossible to ascertain what if any damages plaintiff would have incurred as a result of defendant's publication. Plaintiff has submitted no evidence which indicates any ascertainable damage figure. Plaintiff

had no orders for the plate, and, because plaintiff discontinued its marketing program before the effect of the publication became clear, it is entirely speculative as to whether it was ever going to receive any orders.[1] Personal Touch admits both that it had no orders for the Plate,[2] and that its projection for sale of one thousand plates in the first year was merely based on the fact that it had committed to ordering one thousand of the Plates.[3] Had plaintiff continued with the program, it would perhaps have been able to determine if in fact it was damaged by the appearance of the Plate in the Lenox brochure. Because plaintiff abruptly discontinued both its marketing and sales program, however, it is now impossible to determine what that loss would have been.[4]

Because I find that defendant did not enter into an agreement, either express or implied, to refrain from revealing what it would charge customers for imprinting their artwork on Lenox Plates and because plaintiff has failed to produce any evidence from which a fact-finder could reasonably conclude that defendants breached its contract nor has plaintiff offered evidence from which a fact-finder could possibly determine what effect if any the publication of the Lenox brochure had on the market of Personal Touch for sale of the Philadelphia Plate, defendant is entitled to judgment as a matter of law. Accordingly, I will grant summary judgment in favor of the defendant.

An appropriate order follows.

---

1. In fact, because of defendant's offer that it would forward any inquiries for the Plate to plaintiff, it is possible that the brochure may have even *helped* Personal Touch in its sale of the Plate.

2. *See* Deposition of John J. Barrett, Exhibit "F" attached to the Memorandum of Law in Support of Defendant Lenox's Motion for Summary Judgment.

3. *See id.*

4. I note that the speculative nature of the damages in this case is not the basis for my finding in favor of the defendant. Even if the damages in this case were readily ascertainable, plaintiff has failed to offer evidence that it was the actions of defendant that caused plaintiff's loss. If indeed plaintiff did suffer a loss, that loss could arguably have been caused by its own insistence on abandoning its marketing and sale of the Plate. Because I find that the defendant did not breach its contract with plaintiff, I need not reach the questions of whether there was in fact a loss, and if so, who caused such loss.