**Willard S. WALKER, Plaintiff-Appellant,**

v.

**John O. HOFFMAN, Russell B. Halliday, Dale L. Farley, Merle Hofferber, W. P. Ronayne, Edward Lewis, Jr., and Does I through X, Defendants-Appellees.**

No. 77–2694.

United States Court of Appeals,
Ninth Circuit.

June 23, 1978.

William B. Murray (argued), Portland, Or., for plaintiff-appellant.

William B. Borgeson, Asst. U. S. Atty. (argued), Portland, Or., for defendants-appellees.

Before SMITH,* WALLACE and HUG, Circuit Judges.

PER CURIAM:

Willard S. Walker appeals from a judgment of the United States District Court for the District of Oregon, Robert C. Belloni, *Judge,* granting summary judgment for the appellees, employees of the U.S. Forest Service. Walker alleges that the appellees conspired to and did deprive him of his constitutional rights to prospect and mine public domain land open to mineral entry,

---

* The Honorable J. Joseph Smith, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

and to maintain structures necessary for such mining. Walker further maintains that the destruction of his cabin and confiscation of his personal property were unlawful, exceeding the authority of the forestry officials. Accordingly, he seeks monetary damages pursuant to rights granted by the fifth amendment to the U.S. Constitution and 42 U.S.C. § 1985(3).

The district court adopted the findings of the United States Magistrate, who determined that the appellees' claim of qualified immunity was supported by substantial undisputed evidence. We concur with these findings of fact and law, and affirm the district court's grant of summary judgment for the appellees.

### Facts

Appellant Walker was the claimant of a mining lode claim on U.S. Forest Service lands. In an attempt to eliminate unauthorized use of such property, the Forest Service conducted mineral examinations of the claim during the years 1967–68, finding that the claim was being used improperly as a summer home, and not for mining. The appellant was notified of this finding and was offered a "special use" permit which authorized temporary occupancy of the cabin located on the claim site.

In 1970, the Department of the Interior formally contested the validity of appellant's claim. Appellant failed to answer the Department's complaint, and the mining claim was declared null and void by the Bureau of Land Management. The appellant did not appeal, and the decision became final on April 1, 1971.

Appellant then recorded a "placer claim," which covered approximately the same territory as the previously invalidated lode claim. A number of structures, including a cabin and tool shed, stood on this property.

Following the April 1 decision by the Bureau of Land Management, the Forest Service maintained that the presence of the appellant's cabin and personal property on the claim site was unlawful under the terms of 36 C.F.R. § 261.11. It move to eliminate these structures following procedures man-

dated by the Forest Service Manual § 2811.-52. In December, 1972, the appellant was ordered to remove the disputed structures and other property by May 1, 1973. Notice of intention to impound property pursuant to 36 C.F.R. § 261.16(c) was delivered to appellant on October 2, 1973.

The appellant did not remove his property, nor did he accept the special use permit offered by the Forest Service. Following the receipt of advice from the Regional Attorney that appellant's placer claim did not authorize continued occupancy of the disputed site, forestry officials confiscated and sold appellant's personal property, and burned his cabin and sheds. This civil rights action followed.

### Discussion

In reviewing the district court's grant of summary judgment for the appellees, we must determine whether the parties presented any triable issues of fact, and, if no such issues exist, whether the appellees were entitled to a judgment as a matter of law. *Mutual Fund Investors, Inc. v. Putnam Management Co.*, 553 F.2d 620 (9th Cir. 1977); 6 Moore's Federal Practice ¶¶ 56.04[1], 56.15[1].

In the instant action, forestry officials argue that they are entitled to prevail by virtue of the qualified immunity established in *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and explicated in *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975). This court has indicated that "a government officer performing acts in the course of official conduct is insulated from damage suits only if (1) at the time and in light of all the circumstances there existed reasonable grounds for the belief that the action was appropriate *and* (2) the officer acted in good faith." *Midwest Growers Co-op Corp. v. Kirkemo*, 533 F.2d 455 (9th Cir. 1976); *Mark v. Groff*, 521 F.2d 1376 (9th Cir. 1975).

The standard here is both objective and subjective. In order to qualify for immunity, an officer must have reasonable, objective grounds for thinking his actions

lawful, and must act subjectively in good faith. In the case at bar, forestry officials submitted affidavits and supporting documents which demonstrate that they followed normal procedures in terminating the appellant's occupancy of the claim site. The lode claim was declared invalid after a proceeding before the Bureau of Land Management, and appellees consulted the Regional Attorney to determine the legal effect of the appellant's notice of placer claim. In short, the appellees have demonstrated both that they had reasonable grounds for believing their actions to be lawful, and that they acted in good faith.

In his amended complaint and accompanying affidavit, the appellant does aver that he was "harassed" by forestry officials. [App. at 65, 70] But this amounts to nothing more than an unsupported conclusory allegation insufficient to generate a "genuine issue" as to the good faith of the appellees.

The non-movant has an affirmative duty to come forward to meet a properly supported motion for summary judgment:

> A party opposing a motion for summary judgment simply cannot make a secret of his evidence until the trial, for in doing so he risks the possibility that there will be no trial. A summary judgment motion is intended to "smoke out" the facts so that the judge can decide if anything remains to be tried.
> [*Donnelly v. Guion*, 467 F.2d 290, 293 (2d Cir. 1972)]

See also, *Mutual Fund Investors, Inc. v. Putnam Management Co.*, supra, 553 F.2d at 624–25; *ALW, Inc. v. United Air Lines*, 510 F.2d 52 (9th Cir. 1975); 6 Moore's Federal Practice ¶ 56.15[2]; 10 Wright & Miller, Federal Practice and Procedure § 2739. The appellant has failed to meet this requirement.

The appellees have satisfied their burden of demonstrating that there is no genuine issue of fact disputed in this case, and summary judgment was therefore appropriately granted.

Affirmed.