The GREAT WESTERN SUGAR COMPANY, Plaintiff-Appellant,

v.

LONE STAR DONUT COMPANY, Defendant-Appellee.

No. 83–1522

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 19, 1983.

Hughes & Hill, Eric R. Cromartie, M. David Bryant, Jr., Dallas, Tex., for plaintiff-appellant.

Palmer, Palmer & Coffee, Linda N. Coffee, E.P. Keiffer, Dallas, Tex., for defendant-appellee.

Before GEE, POLITZ, and JOHNSON, Circuit Judges.

PER CURIAM:

For the reasons stated in the careful opinion of the trial court, reported at 567 F.Supp. 340, we conclude that its judgment should be affirmed. One contention advanced to us by the appellant merits brief discussion.

The facts of the case and the court's findings are fully set out in the trial court's opinion. For present purposes, it suffices to state that two merchants had oral dealings which would have required written confirmation of some kind to ripen into a contract valid under the governing Texas Statute of Frauds. Tex.Bus. & Com.Code Ann. § 2.201 (Vernon 1968). One sent the other a letter stating, in part pertinent here:

> This letter is a written confirmation of our agreement. Please sign and return to me the enclosed counterpart of this letter signalling your acceptance of the above agreement.

The recipient, the party sought to be held bound, orally declined to sign but expressed no written objections to the letter. While a mere confirmation without timely objection might have been sufficient under the "merchants exception,"[1] the trial court correctly concluded that, as the master of its offer, Great Western, the sender, had the power to require written acceptance as a prerequi-

---

1. Providing that an oral contract for the sale of goods for the price of $500 or more is enforceable:

   Between merchants if within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents, it satisfies the requirements of Subsection (a) against such party unless written notice of objection to its contents is given within 10 days after it is received. Tex.Bus. & Com.Code Ann. § 2.201(b) (Vernon 1968).

site to the formation of a contract. Since it did, and since none was given, no contract arose.

Great Western argues persuasively that since an oral agreement had already been concluded between the parties, its letter can only be viewed as a confirmation and not as an offer—or that, at all events, a fact issue was raised whether such an oral agreement had been concluded, so that the summary judgment that it suffered was improper. This overlooks the circumstance that no *enforceable* agreement had been entered. For one to have been, a written confirmation was required at the least. The trial court correctly determined that Great Western's letter was a written offer to conclude a binding contract, not a confirmation of an oral one. Having chosen to follow this course of dealing, Great Western is bound to it; and whether an unenforceable oral agreement existed is not a relevant issue of fact.

AFFIRMED.