**CONWAY CORPORATION, Plaintiff,**

v.

**Carl H. AHLEMEYER, et al., Defendants.**

**No. 89 C 8727.**

United States District Court, N.D. Illinois, E.D.

Jan. 7, 1991.

John J. Verscaj, Bell, Boyd & Lloyd, Chicago, Ill., for plaintiff.

Robert J. Kriss, Kurt D. Williams, Mayer, Brown & Platt, Chicago, Ill., for defendants.

### MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

This Court's November 16, 1990, 754 F.Supp. 596 memorandum opinion and order (the "Opinion") provided a detailed factual and legal analysis to explain its conclusion that plaintiff Conway Corporation ("Conway") was entitled to the summary judgment that it had sought under Fed.R. Civ.P. ("Rule") 56 against former Illinois Pork Corporation shareholders (collectively "Shareholders") Carl Ahlemeyer, Sash Spencer and Charles Merrick ("Merrick"). On November 30 Shareholders moved to amend the judgment solely as to the amount of damages recoverable by Conway. In support of that motion Shareholders tendered via affidavits a number of factual assertions that they had not chosen

---

to present as part of their full-blown opposition to Conway's original Rule 56 motion. Now Shareholders' motion has been fully briefed by the parties and is ripe for decision.

At the outset it is important to recall the essential nature of a motion for summary judgment. It is intended to be fully dispositive of the merits of the case, in precisely the same way as a trial. Its procedure—if the movant is right in invoking it—differs from the evidentiary form of a trial only because the absence of any genuine issue of material fact (that is, the nonexistence of any dispute over a potentially outcome-determinative issue) obviates the need for testimony.[1]

It follows that, just as is true of a defendant at trial, the defendant who opposes a plaintiff's summary judgment motion is at risk. If the evidence that the defendant tenders to the trial judge does *not* disclose a genuine issue of material fact, and if the plaintiff has the better of it on the law, the defendant will lose. That situation is precisely the obverse of the coin that was described by the Supreme Court in *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), where the *plaintiff* who responds to a *defense* motion for summary judgment does not disclose at least a genuine issue of material fact as to an essential element of plaintiff's cause of action:

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after ade-

quate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

And the parallel does not end there. Just as at trial a litigant exercises a full and free choice as to what evidence to put before the factfinder, so in response to a Rule 56 motion for summary judgment the litigant exercises a full and free choice as to what evidence to put before the judge. No limitations except for the normal limits on evidence—relevance, materiality and admissibility generally—are placed on the litigants' choice of what to submit either at trial or on a summary judgment motion (in the latter case, either on the part of the motion's proponent or on the part of its opponent).

Just so, no limitations or inhibitions were placed on the litigants here. Full discovery was obtained by each side. When Conway then moved for summary judgment, it filed the statement that is required by this District Court's General Rule ("GR") 12(m) to supplement the evidence that it offered in support of its motion.[2] In response Shareholders filed the required GR 12(n) statement together with their own evidence—whatever *they* chose to put before this

---

1. If the movant is wrong, of course—if it turns out that one or more outcome-determinative facts *are* controverted—the motion loses and the case must then proceed to trial before a factfinder.

2. Both the GR 12(m) statement and its counterpart response from the nonmovant (the GR

12(n) statement) are intended to smoke out the presence or absence of disputed factual issues: Initially the movant specifies the material factual issues that are assertedly not in genuine dispute, then the nonmovant says "aye" or "nay" to those facts and sets out any others that would bar summary judgment in favor of the movant.

Court.[3] No objection was voiced by Shareholders to bar Conway's proffered evidence as failing to conform to Rule 56(e) in any respect (for example, by Shareholders moving to strike any affidavit or any portion of one)—an opportunity that is just as available on summary judgment as at trial.[4]

This Court was of course entitled to treat the litigants' presentations as constituting the full story, exactly as at a trial when both parties have rested and the proofs are closed and the case is submitted to the finder of fact (whether judge or jury) for decision. That is precisely the message that is taught in *Celotex* as to the risk run by the plaintiff who seeks to oppose summary judgment but whose submission fails to establish an essential ingredient of its cause of action. And the corresponding risk is necessarily run by the defendant whose submission fails to place in factual dispute an essential ingredient of plaintiff's cause of action on which the plaintiff has properly offered its proof.

Shareholders are not of course the first litigants who, having lost in resisting a Rule 56 motion, come back to the court with a request to take a second look because some other newly-proffered evidence would create a factual issue where none had been shown previously. This Court dealt with a startlingly parallel motion in *Keene Corp. v. International Fidelity Insurance Co.*, 561 F.Supp. 656 (N.D.Ill. 1982), where the defendant moved for reconsideration (exactly as Shareholders have here) on the ground that it had not given this Court the full story to refute the plaintiff's damages claim (again exactly like Shareholders' present contention here). This Court rejected defendant's motion (*id.* at 665–66)[5]:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *See Evans, Inc. v. Tiffany & Co.*, 416 F.Supp. 224, 244 (N.D.Ill. 1976). Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. *See Walker v. Hoffman*, 583 F.2d 1073, 1075 (9th Cir.1978), quoting *Donnelly v. Guion*, 467 F.2d 290, 293 (2d Cir.1972):
>
> > The non-movant has an affirmative duty to come forward to meet a properly supported motion for summary judgment:
> >
> > > A party opposing a motion for summary judgment simply cannot make a secret of his evidence until the trial, for in doing so he risks the possibility that there will be no trial. A summary judgment motion is intended to "smoke out" the facts so that the judge can decide if anything remains to be tried.

On appeal our Court of Appeals not only affirmed this Court's decision but specifically approved and adopted the just-quoted portion of this Court's opinion (736 F.2d 388, 393 (7th Cir.1984)). Since that time our Court of Appeals has itself, in *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985), quoted the language from this Court's *Keene* opinion rather than from its own affirmance of *Keene* (indeed the Court

---

**3.** Shareholders' evidence comprised an affidavit by each of them as well as with four documentary exhibits, the foundation for which was supplied by an affidavit of one of their lawyers in this case. As called for by GR 12(n), Shareholders responded on a paragraph-by-paragraph basis to each of the material facts that had been set out in Conway's GR 12(m) statement, supplemented by Shareholders' own list of what they characterized as "additional facts in dispute."

**4.** If a witness is on the stand at trial and if no objection is interposed to a question or answer—say on hearsay grounds or as being without foundation in the personal knowledge of the witness—such objections are waived and the trier of fact may consider the evidence. Again

there is no reason to apply any different principle in the summary judgment context.

**5.** It is also worth noting that *Keene* was a case that this Court inherited on a transfer from the Southern District of New York encumbered with a fully-briefed summary judgment motion—and that this Court's denial of the motion for reconsideration rested heavily on the effect of that District Court's Local Rule 3(g). It was this Court's exposure to that valuable adjunct to Rule 56 that led it to recommend to its colleagues in *this* District Court the adoption of what have now become its GR 12(m) and 12(n), closely modeled on the Southern District's Local Rule 3(g)—see the description in n. 3.

of Appeals did so with added emphasis on the entire sentence that barred the introduction of "new evidence that could have been adduced during pendency of the summary judgment motion").[6] And since *Publishers Resource* our Court of Appeals has announced the identical principle on no fewer than four occasions: in *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986) and *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251–52 (7th Cir.1987), two cases where the loser on the summary judgment motion has tried to upset that result on reconsideration based on *facts* that were not advanced in its initial presentation,[7] and in *Rudell v. Comprehensive Accounting Corp.*, 802 F.2d 926, 933 (7th Cir.1986) and *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir.1986), two cases where the loser's motion for reconsideration rested on *legal* theories that had not been presented the first time around.

In this instance Shareholders' original GR 12(n) response purported to characterize Conway's verification as to the aggregate amount of consideration that had been received in the sale to Mariah Purina Company ("Purina")—information provided to this Court by the affidavit of Bernard Conway—as "disputed." But in support of that "disputed" label Shareholders cited only two items of evidence:

1. Paragraph 36 of Merrick's responsive affidavit and

2. a letter that Bernard Conway had sent to Merrick on July 3, 1989, in which Conway asserted its entitlement to a fee of $259,000 (rather than the $234,500 that Conway has currently prayed for in this action and that has ultimately been awarded by this Court), based on an alleged total consideration of $15.9 million derived from the sale to Purina (rather than Conway's current statement that the total consideration had been $13.45 million).

As for the first of those two evidentiary items, Shareholders' GR 12(n) statement is nothing more nor less than a total mischaracterization of Merrick's affidavit. Merrick says *not a word* there about the July 1, 1989 and July 3, 1989 telephone conversations to which Bernard Conway had already sworn in his Aff. ¶ 3 (which had been submitted by Conway in support of its Rule 56 motion). Instead Merrick's affidavit refers only to his having received Bernard Conway's invoice for $259,000 bearing a July 3, 1989 date (a receipt that by definition must have taken place *after* the July 1 and July 3 telephone conversations that were described in Bernard Conway's affidavit) and says:[8]

35. On July 3, 1989, I issued a press release announcing that an offer [Purina's] had been made for IPC's assets and that IPC would cease operations to close the transaction and prepare for the transition.

36. Shortly thereafter, I received an invoice dated July 3, 1989, in the amount of $259,000 from Mr. Conway directed to the IPC shareholders in "c/o Charles I. Merrick." I found Mr. Conway's invoice striking in that no deal had been closed and that no payment had been made to IPC or the shareholders. I disagreed with Conway's calculation of his commission then and have never agreed with Conway's calculations for commission.[9]

And as for the second of those originally-cited evidentiary items, Opinion at 17 n. 18 explained why that did not create a genuine

---

6. Like *Keene, Publishers Resource* also involved a belated effort to attack the district court's handling of the damages issue (762 F.2d at 561).

7. Nor is such approval and adoption of the *Keene* principle limited to this Circuit. This Court was frankly surprised to find that a look at Shepard's Citations disclosed that four other Courts of Appeals have cited this Court's *Keene* opinion as authority in the course of reaching the identical result for the identical reason: *Frederick S. Wyle Professional Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir.1985), *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.

1985), *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988) and *Waltman v. International Paper Co.*, 875 F.2d 468, 473–74 (5th Cir.1989).

8. Merrick Aff. ¶ 35 is also set out here in addition to Aff. ¶ 36, because the first quoted paragraph makes crystal clear the fact that the words "Shortly thereafter" with which Aff. ¶ 36 begins certainly speak of a *post*-July 3 event.

9. [Footnote by this Court] Shareholders' current Mem. 3–4 persists in glossing over the actual *content* of Merrick's Aff. ¶ 36 in favor of falsely

issue of material fact such as to block summary judgment in Conway's favor.

Under the circumstances here, Shareholders' post-judgment motion for reconsideration—in which they offer evidence that cannot even arguably be labeled as newly-discovered—presents the identical situation that led to rejection in cases such as *Keene, Rothwell* and *Meyer.* Every bit of information that Shareholders now claim should lead to a different award of damages was in their possession well before Conway moved for summary judgment. They knew full well that damages as well as liability were in issue on Conway's Rule 56 motion, yet they proffered nothing on the subject of damages except the conclusory characterization by their counsel that Bernard Conway's version was "disputed"—a conclusion that they advanced with *no* affirmative evidence offered in support of that label. And that label has already been discussed and rejected as wholly unwarranted.

Litigation is structured with an end in sight: judgment for plaintiff or defendant. Summary judgments, like trials, are vehicles meant to attain that end. Litigants shape their cases—their evidentiary presentations—knowing that they stake the outcome of their lawsuits on what they have presented to the triers of fact and law.

In this case Shareholders opted to advance evidence in support of a series of plainly untenable arguments (Opinion at 600–603), but none of those arguments focused on the damages issue. It is disingenuous for them, therefore, to label their present post-judgment curative efforts as somehow intended "to rectify a failure of

communication by Defendants and their counsel or to correct a misunderstanding by the Court *concerning evidence already presented*" (Mem. 1–2, emphasis in original). What was said in such cases as *Keene* and *Meyer* [10] applies with equal force here. Shareholders' motion to amend the judgment is denied.

This decision was announced to counsel for the parties (though the details in this opinion could not of course be described to them in brief summary form) at the status hearing held January 4. At that time this Court also orally denied Conway's motions (1) for prejudgment interest and (2) for the imposition of sanctions under Rule 11 and 28 U.S.C. § 1927. All the issues in this litigation have thus been fully resolved, and the stay of execution of judgment previously entered by this Court is hereby lifted.

---

portraying it once again as though it contained a denial of (1) the telephone conversations that had been sworn to in Bernard Conway's affidavit and (2) the statements by Merrick during that telephone conversation that the Bernard Conway affidavit had reported as to the elements of consideration entering into the Purina purchase. Nor can that obvious gap and mischaracterization be viewed as an accidental oversight. Merrick's affidavit is extraordinarily detailed, comprising 56 paragraphs occupying 15½ typed written pages. It provides a blow-by-blow narration of all of the events that bear on the controversy at issue in this litigation, beginning at a time that actually preceded Shareholders' negotiations with Conway and

carrying through past the date on which Conway filed suit against Shareholders (October 31, 1989). Merrick Aff. ¶¶ 33 and 34 describe events of June 30, 1989, immediately followed by the Aff. ¶ 35–36 quoted in the text of this opinion. Thus Merrick is totally silent as to the intervening (and vital) three-day period from June 30 through July 3, during which Bernard Conway swears that the two telephone conversations between them took place.

**10.** Although this opinion has not quoted from *Meyer,* the relevant discussion in that case, 781 F.2d at 1267–68, is well worth reading in the present context.