BUSBY, INC., a Colorado corporation, and Lyle Busby, Plaintiffs,

v.

SMOKY VALLEY BEAN, INC., Defendant.

Civ. A. No. 90–4071–S.

United States District Court, D. Kansas.

June 26, 1991.

Grant M. Glenn, Bruce J. Woner, Cosgrove, Webb & Oman, Topeka, Kan., and Michael V. Foust, Goodland, Kan., for Busby, Inc. and Lyle Busby.

Dale L. Somers and Thomas E. Wright, Davis, Wright, Unrein, Hummer & McCallister, Topeka, Kan., for Smoky Valley Bean, Inc.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on plaintiffs' motion for reconsideration of the court's Memorandum and Order of May 23, 1991. In their motion to reconsider, plaintiffs do not contest the court's holding that Busby, Inc. was a "merchant," and thus, Purchase Contract 1118 was within the "merchants' exception" to the statute of frauds, namely K.S.A. 84–2–201(2). In their motion, plaintiffs, however, again argue that Purchase Contract 1118 is not a confirmatory memorandum, but rather an offer to contract, because, despite the language in the purchase contract stating that the contract will become binding if not responded to within ten days, defendant Smoky Valley Bean, Inc. highlighted the following words on the contract: "Please sign below and return the attached duplicate copy."

■ The purpose of a motion for reconsideration for the court to correct manifest errors of law or fact and for the court to review newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). A motion for reconsideration is appropriate where the court has obviously misapprehended a party's position, where the court has mistakenly decided issues outside of those presented by the parties for determination, or where the law or facts have significantly changed since the previous submission of the issue to the court.

*Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990); *Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd,* 770 F.2d 98 (7th Cir.1985). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *Renfro v. City of Emporia,* 732 F.Supp. 1116, 1117 (D.Kan.1990) (citations omitted). The decision to grant or deny a motion for reconsideration is committed to the discretion of the court. *Id.* (citations omitted).

■ Upon examination of plaintiffs' motion to reconsider and attachments thereto, the court finds that the motion should be denied. As the court found in the previous Memorandum and Order, Purchase Contract 1118 is a writing sufficient to satisfy the requirements of the "merchants' exception" to the statute of frauds, K.S.A. 84–2–201(2). This section provides:

> Between merchants if within a reasonable time a writing in confirmation of the contract **and sufficient against the sender** is received and the party receiving it has reason to know its contents, it satisfies the requirement of subsection (1) against such party unless written notice of objection to its contents is given within ten days after it is received.

K.S.A. 84–2–201(2) (emphasis added).

As stated in this section, a writing is sufficient against the sender, Smoky Valley Bean, Inc., if the writing "indicates that a contract for sale has been made." K.S.A. 84–2–201(2). Purchase Contract 1118 satisfies these criteria on the undisputed facts of this case, as the court noted in its previous Memorandum and Order. *Busby, Inc. v. Smoky Valley Bean, Inc.,* No. 90–4071–S, slip op. at 15 n. 2 (D.Kan., *unpublished,* May 23, 1991) (1991 WL 105206, 1991 U.S.

Dist. LEXIS 7932). Purchase Contract 1118 states the amount, the price, the buyer, the seller, the delivery basis, the shipment and other terms of the parties' contract for the sale of 2,000 bags of beans. It also contains the express provision that: "[r]eceipt of this contract by the seller, without written notice to us of objection or error within ten days is an acknowledgment of the acceptance of all conditions hereof." Because the court does not find Purchase Contract 1118 to be ambiguous and because the purchase contract is sufficient to indicate Smoky Valley Bean, Inc.'s intent to be bound, the court finds that highlighting the "[p]lease sign below and return the attached duplicate copy" is insufficient to turn Purchase Contract 1118 into a "mere offer" as argued by plaintiffs.[1] Thus, because the court finds no error of fact or law in its previous Memorandum and Order, plaintiffs' motion for reconsideration will be denied by the court.

IT IS BY THE COURT THEREFORE ORDERED that plaintiffs' motion for reconsideration (doc. 66) is denied.

---

1. In the cases cited by plaintiffs in which the confirmatory memoranda were found to be "mere offers," the respective courts found that the language in those memoranda clearly indicated that the person receiving the memorandum would have to take an additional affirmative step to indicate acceptance. For example, in *Great Western Sugar Co. v. Lone Star Donut Co.,* 567 F.Supp. 340, 342 (N.D.Tex.1983), *aff'd,* 721 F.2d 510 (5th Cir.1983), the memorandum stated: "Please sign and return to me the enclosed counterpart of this letter *signalling your acceptance of the above agreement.*" (emphasis added). Similarly, in *Adams v. Petrade Int'l, Inc.,* 754 S.W.2d 696, 705 (Tex.App.1988), the memorandum stated: "*If this is in accord with your understanding,* please sign and return...." (emphasis added). Thus, these cases are distinguishable on their respective facts from this case.