TBG, INC., Plaintiff,

v.

Richard A. BENDIS, et al., Defendants.

Civ. A. No. 89–2423–0.

United States District Court,
D. Kansas.

Feb. 18, 1993.

J.D. Lysaught, Mustain, Higgins, Kolich, Lysaught & Tomasic, Kansas City, KS, Herbert E. Milstein, Lisa M. Mezzetti, Daniel S. Sommers, Cohen, Milstein, Hausfeld & Toll, Washington, DC, for TBG Inc., TBG Information Systems, Inc., George A. Bridgmon.

Bruce Keplinger, John Benge, Michael G. Norris, Michael B. Lowe, Payne & Jones, Chtd., Overland Park, KS, for Richard A. Bendis.

Karen J. Halbrook, John R. Cleary, Husch & Eppenberger, Kansas City, MO, for W. Terrance Schreier.

William G. Howard, Lathrop & Norquist, Overland Park, KS, William Ray Price, Jr., John H. Calvert, Lathrop & Norquist, Kansas City, MO, for John G. Pappajohn, Robert H. Mann, Jr.

Anthony F. Rupp, Shughart, Thomson & Kilroy, Overland Park, KS, John M. Kilroy, R. Lawrence Ward, Shughart, Thomson & Kilroy, P.C., Kansas City, MO, Emmett E. Eagan, Jr., Ernst & Young, Cleveland, OH, for Ernst & Whinney.

John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Andrew C. Hartzell, Jr., John G. Koeltl, Lorna G. Schofield, Debevoise & Plimpton, New York City, for Shook, Hardy & Bacon.

J.D. Lysaught, Mustain, Higgins, Kolich, Lysaught & Tomasic, Kansas City, KS, Herbert E. Milstein, Lisa M. Mezzetti, Daniel S. Sommers, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Martin E. Karlinsky, Scheffler, Karlinsky & Stein, New York City, for Richard S. Masinton, Continental Healthcare Systems, Inc.

Herbert E. Milstein, Lisa M. Mezzetti, Daniel S. Sommers, Cohen, Milstein, Hausfeld & Toll, Washington, DC, Martin E. Karlinsky, Scheffler, Karlinsky & Stein, New York City, for Continental Healthcare Systems, Inc.

Tim S. Haverty, M. Michael Gill, Tamara Wilson Setser, Julie A. Riggle, Hillix, Brewer, Hoffhaus, Whittaker & Wright,

Kansas City, MO, Herbert E. Milstein, Lisa M. Mezzetti, Daniel S. Sommers, Cohen, Milstein, Hausfeld & Toll, Washington, DC, J.D. Lysaught, Mustain, Higgins, Kolich, Lysaught & Tomasic, Kansas City, KS, for Paul R. Billington.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendant Richard Bendis' motion to reconsider our order of January 4, 1993, approving a settlement agreement between certain of the parties (Doc. #814).

Plaintiff entered into a settlement agreement with defendants Mann, Pappajohn and Shook, Hardy, and Bacon ("Shook") which was submitted to the court for approval because it required an order barring all future claims against the settling defendants. The court held a hearing on November 23, 1992, at which time each party was entitled to present its respective position on the fairness of the submitted settlement and order. Bendis objected to the entry of an order barring a potential claim against Shook for negligence arising from what he believed to be Shook's representation of him personally. On December 30, 1992, after carefully considering the arguments of each party, the court issued a memorandum and order approving the settlement as proposed. 811 F.Supp. 596. On January 4, 1993, we issued an order and judgment barring all future claims against the settling defendants.

Bendis now urges the court to reconsider our January 4, 1993, order and to remove Shook from the protection of the bar order in order to preserve his potential negligence claim against Shook. For the reasons set forth below, Bendis' motion will be denied.

■■■ A motion for reconsideration is the opportunity for the court to correct manifest errors of law or fact and to review newly discovered evidence. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Appropriate circumstances for reconsideration include situations in which the court has obviously misapprehended a party's position, the facts, or mistakenly has decided issues not presented for determination. *See Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983). The decision to grant or deny a motion for reconsideration is committed to this court's discretion. *See Hancock v. Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir.1988).

■■■ Having reviewed the arguments contained in Bendis' motion for reconsideration, the court finds no reason for altering or amending the order of January 4, 1993. Although Bendis is obviously dissatisfied with the court's decision to enter the bar order in this matter, he has failed to demonstrate that the court committed a manifest error of law.

Perhaps our comment, "Bendis alleges but does not offer evidence that he was represented in his personal capacity by Shook," could give the appearance that we misunderstood the underlying facts and that presentation of such evidence might have altered our decision. We, therefore, now clarify that we fully understood and considered Bendis' proffered testimony that he believed Shook represented him personally.

Bendis' unilateral belief alone is a weak foundation for a negligence claim. Bendis' only additional evidence is his assertion that Shook reviewed the stock purchase agreement executed between Bendis and TBG. Even if Bendis could establish that Shook represented him personally, it would not change our decision. Bendis does not present a strong claim for negligence that is independent of his liability to TBG. Thus, Bendis would be asserting, in essence, a claim for contribution. Fairness does not mandate that we preserve Bendis' right to such a speculative claim in lieu of approving the settlement of a substantial portion of this litigation.

In reaching this determination, the court notes that it thoroughly considered Bendis' arguments in relation to the settlement and bar order. In particular, the court carefully considered the testimony proffered by Bendis' counsel at the hearing, as well as

the Designation of Testimony and Exhibits submitted by Bendis after the hearing. Bendis' affidavit and deposition excerpts submitted with his motion for reconsideration do not add anything of significance to our prior considerations.

IT IS THEREFORE ORDERED that Bendis' motion to reconsider (Doc. # 814) is denied.