Hastings v. Lamy                    CV-89-413-M   04/28/95
            UNITED STATES DISTRICT COURT FOR THE
                  DISTRICT OF NEW HAMPSHIRE


Earl C. Hastings,
      Plaintiff,

      v.                                     Civil No. 89-413-M

Ronald Lamy; Michael Miles; Gary Slopes;
John Barthelmes; Brian T. Tucker, Esq.;
and Laurence D. Hastings,
      Defendants.


                         O R D E R


      Plaintiff Earl Hastings brought this action against various

state defendants and his brother, Laurence Hastings.  He asserts

claims under 42 U.S.C. § 1983 and supplemental state law claims

based on his prosecution for the murder of James Higley.  The

remaining state defendants have moved for summary judgment.

Defendant Laurence Hastings has not filed a dispositive motion,

apparently (document no. 48) because his counsel has been unable

to contact him.  Plaintiff has not objected to the state

defendants' dispositive motion.  For the reasons discussed below,

the court grants summary judgment in favor of the state

defendants, and declines to exercise supplemental jurisdiction

over the remaining state defamation claim brought against

plaintiff's brother.

**FACTUAL BACKGROUND**

The factual background is drawn from the pleadings and is presented in the light most favorable to the plaintiff.

On September 15, 1985, the murdered body of James Higley was discovered on the Massachusetts shore of the Connecticut River. In June of 1986, criminal investigators received information that the plaintiff, Earl Hastings, was somehow involved in Higley's death. Accordingly, the authorities began to focus their investigation on plaintiff, his brother Larry Hastings, and his friends, Robert Schill and Bonnie Santor.

Plaintiff initially denied knowing anything about Higley's death. Larry, Schill and Santor also denied knowing anything.

Investigators subsequently learned that on the night Higley was killed, Larry, Schill and Santor arrived at Larry's home to discover Higley inside, committing burglary. Higley was held at gun point and was forced to strip down to his underwear. Bonnie Santor left to alert plaintiff, who was at his own home, and to bring him back to Larry's house. Higley attempted to escape before plaintiff arrived, at which time Larry shot him three times in the back. An autopsy revealed that these three shots

2

alone would not necessarily have resulted in instant death.  At some point after Higley was shot, plaintiff arrived at Larry's house.  Higley's throat was cut after plaintiff arrived on the scene.

When police attention turned toward plaintiff, he contacted the others and told them not to tell the police anything.  However, the police were eventually told that plaintiff had cut Higley's throat.  On July 24, 1986, plaintiff signed a statement admitting that he cut Higley's throat.  He was arrested and charged with the murder of James Higley.  Subsequent prosecution resulted in plaintiff's acquittal.

## STANDARD OF REVIEW

The applicable standard of review is familiar.  Summary judgment is proper "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of material fact for trial.  Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986).  The party opposing the motion must set

3

forth specific facts showing that there remains a genuine issue for trial, demonstrating "some factual disagreement sufficient to deflect brevis disposition." Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. 1991), cert. denied, 112 S.Ct. 2965 (1992). This burden is discharged only if the cited disagreement relates to a genuine issue of material fact. Wynne v. Tufts University School of Medicine, 976 F.2d 791, 794 (1st Cir. 1992) cert. denied 113 S.Ct 1845 (1993).

Plaintiff has not filed an objection to the summary judgment motion and on that ground alone the motion could be granted. However, the court will briefly address the merits.

## DISCUSSION

A. Claims Against Brian Tucker

Plaintiff asserts a claim under 42 U.S.C. § 1983 against Assistant Attorney General Brian Tucker for deprivation of his rights to due process. Specifically, he alleges that Tucker instructed witnesses not to testify at certain hearings or depositions. The court previously determined, pursuant to 42 U.S.C. § 1915, that plaintiff's complaint could be construed to state a claim for relief against Tucker, but only to the extent

4

his alleged actions might have constituted pre-prosecution "investigative" conduct.

A state prosecutor enjoys absolute immunity for acts related to the initiation and conduct of a criminal prosecution. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity for acts incident to the prosecutorial function is well grounded in the common law and justified by policy concerns. Burns v. Reed, 500 U.S 478, 490-491 (1991). When a prosecutor's duties as public advocate require action preliminary to the initiation of a prosecution, those acts are also shielded by absolute immunity. Imbler, supra, at 431, n. 33. However, investigative activity that does not relate to preparation for the initiation or conduct of a prosecution is not entitled to absolute immunity, Burns, supra, at 495, but to a lesser, qualified immunity.

In this case, Tucker is entitled to absolute immunity. By the plaintiff's own admission, Tucker's involvement in the case began after plaintiff had been charged with Higley's murder. Plaintiff has not alleged any activity by Tucker during the pre-arrest or pre-indictment investigation that might qualify for scrutiny under a less rigorous immunity standard; those

5

activities about which plaintiff does complain are covered by absolute immunity.

Even if Defendant Tucker's activity is judged against a qualified immunity standard, it would still be protected (plaintiff has offered nothing to contradict the factual assertions made in the state defendants' motion for summary judgment).

B.   State Law Malicious Prosecution Claims Against the Remaining Defendants

Plaintiff also asserts claims for malicious prosecution under state law, and deprivation of his rights to due process under 42 U.S.C. § 1983, against New Hampshire State Police Major Crime Unit members Lamy, Miles, Slopes and Barthelmes.

Under state law, to prevail on a claim of malicious prosecution, a plaintiff must prove that he was subjected to a criminal prosecution instituted by a defendant without probable cause and with malice, and that the criminal proceeding terminated in his favor. Stock v. Byers, 120 N.H. 844, 846 (1980) (citations omitted). Probable cause in the malicious prosecution context is defined as "such a state of facts in the mind of the prosecutor as would lead a man of ordinary caution

6

and prudence to believe or entertain an honest and strong suspicion that the person arrested is guilty." Id., quoting MacRae v. Brant, 108 N.H. 177, 180 (1967). The existence of probable cause is a question of law when the facts are taken as established. Kay v. Bruno, 605 F. Supp. 767, 774 (D.N.H. 1985). Of course, even in the absence of probable cause, the defendant officers would still be immune from a malicious prosecution action, under state law, if the officers reasonably believed their conduct to be lawful. See R.S.A. 541-B:19 (d).

The court finds that the defendant officers unquestionably had probable cause to arrest and charge plaintiff with Higley's murder. Defendants were aware that plaintiff told the others to keep quiet about the murder, and that the others were afraid of him. They knew plaintiff had committed serious acts of violence in the past, particularly that he had been convicted in Oklahoma of attempted murder. Against this backdrop, when Schill accused plaintiff of cutting Higley's throat, and plaintiff then confessed to cutting Higley's throat, any doubt about probable cause to arrest and charge plaintiff evaporated. Plaintiff cannot sustain his claim for malicious prosecution against these defendants, as a matter of law.

7

C.   Claim Under 42 U.S.C § 1983

Plaintiff also asserts claims against state defendants for malicious prosecution under 42 U.S.C. § 1983.  The United States Supreme Court recently held that one alleging malicious prosecution, even in the absence of probable cause, states no substantive due process claim.  Albright v. Oliver, 114 S.Ct 807 (1994).  "[I]t is evident that substantive due process may not furnish the constitutional peg on which to hang such a 'tort.'" Id., at 811, fn 4.  So, plaintiff cannot rely on a violation of his substantive due process rights as a basis for bringing a malicious prosecution claim under § 1983.

Construing the plaintiff's complaint liberally, he might assert a malicious prosecution claim based on a claimed deprivation of procedural due process.  But procedural due process claims are not actionable unless no adequate post-deprivation remedy under state law is available.  Perez-Ruiz v. Crespo-Guillen, 25 F.3d 40, 43 (1st Cir. 1994).  New Hampshire law does provide an opportunity for sufficient post-deprivation redress, including an action for malicious prosecution.  The availability of this remedy would appear to be fatal to plaintiff's procedural due process claim as well, even if the complaint is construed as asserting such claims.  And, in any

8

event, the pertinent pleadings establish that the officers <u>had</u> probable cause, which defeats any claim of malicious prosecution.

## CONCLUSION

For the reasons stated above, the remaining state defendants' Motion for Summary Judgment is granted in its entirety.  Having granted the remaining state defendants' unopposed motion for summary judgment, the court declines to exercise supplemental jurisdiction over plaintiff's remaining state defamation claim against his brother, Laurence Hastings, 28 U.S.C. § 1367(c)(3), and hereby dismisses that claim without prejudice, and without comment as to its merit under applicable state law.


SO ORDERED.


_____
Steven J. McAuliffe
United States District Judge

April 28, 1995

cc:  Earl C. Hastings, pro se
     Christopher P. Reid, Esq.
     Edward J. Burke, Esq.