In re Tyco Intern'l Ltd. MDL          MD-02-1335-B  05/25/04

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

**In re Tyco International, Ltd.**
**Multidistrict Litigation (MDL 1335)**

MDL DOCKET NO. 02-1335-B
**TYCO-PLAINTIFF ACTIONS**
Case No. 03-1339-B
Opinion No. 2004 DNH 091

**MEMORANDUM AND ORDER**

Tyco International, Ltd. ("Tyco"), seeks to compel production of certain documents in accordance with separate requests served upon defendants L. Dennis Kozlowski and Mark H. Swartz.  Kozlowski's opposition to the motion to compel is a procedural challenge based on the requirements of Fed. R. Civ. P. 37(a)(2)(B).  Swartz filed no opposing memorandum.

The federal rules require that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."  Fed. R. Civ. P. 37(a)(2)(B).  Kozlowski argues that "[a] conclusory statement in an affidavit asserting that the movant fulfilled the meet-and-confer

requirement is insufficient." Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., No. 96 Civ. 7590(DAB)JCF, 1998 WL 67672, at *2 (S.D.N.Y. Feb. 18, 1998). He alleges that Tyco does no more than make such a conclusory allegation and that Tyco failed to meet-and-confer with Kozlowski, or even make a good faith effort to meet-and-confer, regarding the discovery dispute. For this reason, Kozlowski asserts the motion to compel is premature and should be dismissed. See United States v. Mottolo, 605 F. Supp. 898, 915 (D.N.H. 1985)(motion to compel deemed premature under Rule 37(a)(2) because defendant had not previously propounded questions to United States). I disagree.

Tyco does more that proffer a conclusory statement regarding its attempt to meet-and-confer with Kozlowski over the discovery dispute. Instead, Tyco supports its assertion of a good faith attempt to confer with Kozlowski and Swartz by detailing the communications between the parties and the reasons advanced by Kozlowski and Swartz for not complying with the discovery requests (Decl. of Karlan ¶¶ 3-13, Ex. 5-8).[1] Tyco has therefore

_____

[1] While Swartz and Kozlowski both advanced Fifth Amendment concerns as justifications for not complying with Tyco's document requests, Kozlowski specifically rejects any such claim at this

-2-

"detail[ed] the efforts to confer and explain[ed] why they proved fruitless," complying with Rule 37.  <u>Messier v. Southbury Training Sch.</u>, No. 3:94-CV-1706 (EBB), 1998 WL 841641, at *3 (D. Conn. Dec. 2, 1998).[2]

I therefore grant Tyco's motion to compel (doc. no. 116) in so far as it does not require Kozlowski or Swartz to waive Fifth Amendment rights by the mere act of production.

SO ORDERED.


_____
Paul Barbadoro
Chief Judge

May 25, 2004
cc:  Counsel of Record

_____

time (Opp'n to Mot. to Compel at 3).  As such, I do not reach the Fifth Amendment concerns addressed by Tyco and grant Tyco's motion to compel to the extent that it does not require defendants to waive Fifth Amendment rights by the act of production.

[2] The only other case cited by Kozlowski in support of his argument is <u>Yoon v. Celebrity Cruises, Inc.</u>, which is easily distinguishable from the present facts.  No. 97 Civ. 3808(DC), 1999 WL 135222, at *6 (S.D.N.Y. Mar. 12, 1999).  In <u>Yoon</u>, the plaintiffs failed to include a certified statement that they had in good faith conferred or attempted to confer with defendants, unlike Tyco in the present case.