Filed 11/06/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00146

| Timothy Johnson et al v. Jeremy Sullivan |
| --- |

## **RULING ON PLAINTIFFS' SECOND MOTION IN LIMINE**

On October 14, 2025, Plaintiffs filed a motion styled as a "motion in limine" regarding certain counterclaims. For reasons that follow, the motion is *denied*.

First, the motion is not proper as a motion in limine, which motions are to obtain the exclusion of anticipated prejudicial evidence before the evidence is offered at trial. *See Johnson v. Sullivan*, No. 24-CV-146, "Ruling On Plaintiffs' Motion In Limine," at 1 (Vt. Super Ct. Oct. 14, 2025). Here, Plaintiffs fail to make any request for the exclusion of any particular evidence that is expected or reasonably forecasted to be presented by Defendant at trial. Their motion is made "regarding Counterclaims II and II" filed by Defendant—rather than in regard to any particular evidence that might be prejudicial or harmful if heard by the jury. Indeed, Plaintiffs present their motion as a preferable and more convenient alternative to a motion for judgment as a matter of law on those counterclaims. Plaintiffs assert that the Court can either grant Plaintiffs such dispositive relief during trial, by ruling in Plaintiffs' favor on their expected Rule 50 motion for judgment at the close of Defendant's case, or grant Plaintiffs the very same dispositive relief now, by granting the instant motion:

> Plaintiffs could wait until trial is over and file a motion for judgment as a matter of law under V.R.C.P. 50. . . . [G]iven that this issue *could* be decided later via a Rule 50 motion or a jury instruction, the question becomes whether it should be. Plaintiffs respectfully suggest that the Court is well within its authority to decide the issue now in this posture, and it would be much more efficient for all involved for the Court to exercise that authority.

Pls.' Reply In Supp. of Mot. *In Limine* Regarding Counterclaims II and III (filed Oct. 31, 2025), at 2.

The problem, however, is that the Court lacks sufficient authority or discretion to grant such dispositive relief pursuant to a motion in limine. Such a motion does not serve as a sort of intermediate mechanism for obtaining final, dispositive relief on claims or defenses as a matter of law—*i.e.*, somewhere between a Rule 56 motion for judgment, which was never sought by Plaintiffs in this case and for which the deadline has passed, and a Rule 50 motion for judgment, which is yet to be sought, and would pertain to evidence that has yet to be offered by Defendant during trial.[1] Plaintiffs' motion

---

[1] Plaintiffs argue they did not learn of the evidentiary bases for Defendant's counterclaims until Defendant moved for summary judgment, and therefore, Plaintiffs could not have timely sought summary judgment themselves, pursuant to the *Noerr Pennington* doctrine. That may well be true, but

plainly goes to the sufficiency of evidence, which might be a proper argument under Rule 56 or Rule 50, but is not a proper basis for a motion to exclude evidence prior to trial. *See Meyer Intellectual Props. Ltd. v. Bodum*, 690 F.3d 1354, 1378 (Fed. Cir. 2012) (citing *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F.3d 1353, 1362-63 (7th Cir. 1996)).

Second, insofar as the motion identifies no particular, anticipated evidence for which exclusion is sought, and seeks to defeat claims as a matter of law, the motion is akin to a "shotgun," not a "rifle," and is therefore disfavored. *State v. Dubois*, 150 Vt. 600, 602 (1988). Additionally, without having identified any specific, anticipated evidence, Plaintiffs have not demonstrated its inadmissibility, or the prejudice that they will likely suffer if their motion is not granted. Nor is a motion in limine to be utilized "as a sweeping means of testing issues of law." *Id.* Yet that is what Plaintiffs are doing here—asking an evidentiary motion to bear the full weight of a First Amendment doctrine that appears unsettled and still developing in other jurisdictions, and which has never been considered by our Supreme Court.

Furthermore, Plaintiffs' motion requests that the Court to look *backwards*, at submissions and contentions already made by Defendant when seeking summary judgment on his counterclaims, and conclude or presume that Defendant is somehow bound to merely renew or reiterate those earlier submissions and contentions for purposes of a trial that is *yet to occur*. Specifically, Plaintiffs claim that Defendant may seek to prove his counterclaims at trial *only* by offering evidence of Plaintiffs' prior litigation conduct, on the observation that Defendant's submissions when seeking summary judgment were so limited or circumscribed.[2] But a litigant at trial is certainly not limited in that manner or for that reason. The unsuccessful summary judgment movant is not estopped by his motion to present the same scope of evidence at trial. Rather, the litigant at trial has a full and free choice as to what evidence to put before the factfinder (subject to the usual evidentiary limitations), just as he had a full and free choice as to what admissible evidence to put before the judge for purposes of Rule 56. *See Conway Corp. v. Ahlemeyer*, 754 F. Supp. 604, 605 (N.D. Ill. 1991). Parties are certainly not compelled to seek summary judgment, and if they chose to do so, they do not do so at risk of being limited at trial to the submissions and contentions made when seeking Rule 56 relief.

After all, the jury trial is *de novo*, and summary judgment procedure is merely a time-saving device, granted only where there is no genuine evidentiary dispute on a material issue sufficient to warrant a trial. Where the motion is denied, the claim for which judgment was sought still remains pending for trial, and the case proceeds to trial on that claim *anew*, not according to a testimonial reprise of the underlying summary judgment record. *Cf. U.S. E. Telecomms., Inc. v. US W. Comm'ns Servs., Inc.*, 38 F.3d 1289, 1301 (2d Cir. 1994) (when grant of summary judgment is followed by trial of different claims, neither evidence adduced at trial nor the verdict may be used to bolster position of party who appeals the summary judgment ruling) (citing *United States v. Hardage*, 982 F.2d 1436,

---

Plaintiffs did not have to wait for Defendant's motion to be filed, to find out the bases for Defendant's counterclaims.

[2] This assertion, that Defendant's available evidence for purposes of trial is limited and circumscribed, is further confirmation that Plaintiffs' motion fundamentally advances a sufficiency of evidence theory, rather than any evidentiary argument.

1444 (10th Cir. 1992)).[3]  Plaintiffs' motion, therefore, falters on this fundamental misconception as to the permissible scope of Defendant's potential submissions at trial.

Wherefore, Plaintiffs' motion in limine regarding Defendant's counterclaims is *denied*.

Electronically Signed on: Thursday, November 6, 2025 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge

---

[3] To be clear, there was no Rule 56(g) order entered in this case that would serve to limit a party's right to present evidence at trial in dispute of a fact that the Court had deemed already established and not genuinely in dispute.

24-CV-00146 Timothy Johnson et al v. Jeremy Sullivan