**In re AMERICA WEST AIRLINES, INC., a Delaware Corporation, Debtor.**

**Seymour LICHT, Appellant,**

v.

**AMERICA WEST AIRLINES, INC. and Equity Security Holders Committee, Appellees.**

**BAP No. AZ–93–1280–JVN.**
**Bankruptcy No. 91–07505–PHX–RGM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 18, 1993.

Decided Feb. 2, 1994.

---

Before JONES, VOLINN and NAUGLE [1], Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

## BACKGROUND

On February 19, 1993 Appellant Seymour Licht ("Licht") filed a Motion to Terminate the Equity Holders Committee ("Motion to Terminate") in the America West bankruptcy case. On February 27, 1993, the Official Committee of Equity Security Holders ("Equity Committee" or "Committee") filed a motion to strike Licht's Motion to Terminate. The Committee also requested that Licht be sanctioned and that he be precluded from appearing pro se before the bankruptcy court pursuant to the court's equity powers under 11 U.S.C. § 105.

The court held a hearing on March 1, 1993, and entered an order on March 3 denying Licht's Motion to Terminate and ordering Licht to refrain from appearing or filing pleadings in the bankruptcy case pro se unless (1) he first obtained leave of court or (2) he employed legal counsel.

On March 3, 1993, Licht filed a motion to vacate the court's order, which motion was denied due to Licht's failure to follow the court's instructions to obtain prior approval. Licht also filed a motion for stay pending appeal both before the bankruptcy court and the Bankruptcy Appellate Panel. Both motions were denied.

Licht now appeals the denial of his right to appear pro se in the instant case pursuant to 28 U.S.C. § 1654. We affirm.

## STANDARD OF REVIEW

▮ We review the bankruptcy court's findings of fact for clear error. We review the bankruptcy court's conclusions of law *de novo*. *In re Siriani*, 967 F.2d 302 (9th Cir. 1992).

Seymour Licht, in pro. per.

Sara D. Branscum, Phoenix, AZ, for America West Airlines.

Pamela M. Jimenez, Chicago, IL, for Equity Sec. Holders.

1. Honorable David N. Naugle, Bankruptcy Judge for the Central District of California, sitting by designation.

## DISCUSSION

### 1. *Findings of Fact*

■ The bankruptcy court made the following findings of fact in its March 3, 1993 order:

After due consideration of the motion, the applicable law, the record herein, and under the present posture of the case, the Court finds and concludes that Movant is a senior partner of "See More Light Investments". Consequently, this Court finds and concludes that Dr. Licht is attempting to represent some type of business association. The Court is unable to discern the type of business association Dr. Licht represents because he merely states in his Motion that he is a senior partner in "See More Licht Investments".

The bankruptcy court found that Licht was attempting to represent See More Light Investments. Licht argues that he was representing only himself. As proof, Licht has appended to his opening brief an exhibit showing an America West Airlines debenture worth $10,000.00 registered in his name personally. The Equity Committee points out that the document is dated March 9, 1993, eight days after the hearing in which the court announced its ruling. Although it is unclear what legal consequences follow from changing the name on the debenture from See More Light Investments to Seymour Licht individually, the timing of the name change in the context of the bankruptcy court's March 3 order shows a blatant attempt by Licht to circumvent the bankruptcy court.

The gist of Licht's argument on appeal is that the bankruptcy court did not have enough information before it to make the finding that Licht was representing See More Light Investment and not himself personally. Licht does not argue or show on appeal (other than the exhibit aforementioned) that his pro se appearances were for the sake of self representation. The contrary inference can be drawn from all of the documents filed by Licht before the March 3, 1993 bankruptcy court order. In each of those documents Licht represented himself using the following language:

Now comes Dr. Seymour Licht P.E. ("Licht") Senior partner of See More Light Investments a holder of a significant amount of the Debtor's publicly held subordinated debentures ...

*E.g., Objection to America West's Motion to Purchase Officers' and Directors' Liability Insurance* at 1 (Sept. 3, 1992).

Whether Licht has personally owned debentures in America West Airlines and the timing of such ownership would be an easy fact to prove simply by producing copies of the debentures themselves to the bankruptcy court. Other than the debenture dated March 9, 1993, Licht has failed to come forward with any such documentation in the record. Consequently, Licht has failed to show that the bankruptcy court clearly erred in finding that Licht, in appearing pro se, was attempting to represent some type of business entity.

### 2. *Conclusions of Law*

■ The bankruptcy court found as a matter of law that corporations and other unincorporated associations must appear through an attorney. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987); *Church of the New Testament v. United States*, 783 F.2d 771, 773–74 (9th Cir.1986). The court also found that partnerships must appear through an attorney. *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305 (2d Cir.1991).

Licht fails to articulate his only colorable argument: that See More Licht Investments is a partnership and that partnerships in the Ninth Circuit are different from other legal entities. The Ninth Circuit in *Pope* held: "Although a non-attorney may appear in propria persona in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself." *Pope*, 818 F.2d at 697 (citations omitted).

The United States Supreme Court has held:

Thus, save in a few aberrant cases,[2] the lower courts have uniformly held that 28

2. Citing among other cases, *United States v.*   *Reeves*, 431 F.2d 1187 (9th Cir.1970).

318

U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, *partnerships*, or associations to appear in federal court otherwise than through a licensed attorney.

*Rowland v. California Men's Colony,* —— U.S. ——, ——, 113 S.Ct. 716, 721, 121 L.Ed.2d 656 (1993) (citations and footnotes omitted, emphasis and footnote added). *Rowland* cites as authoritative *Eagle Associates* which emphasized that the movant had failed to show that he was authorized to appear on behalf of other partners with whom his interests might be incongruous. Such is also the instant case.

### CONCLUSION

Licht has failed to show that the bankruptcy court clearly erred in its findings of fact or erred in its conclusions of law. Consequently, the bankruptcy court's order is hereby affirmed.