**In re AMERICA WEST AIRLINES, INC., a Delaware Corporation, Debtor.**

**Bankruptcy No. B–91– 07505–PHX–RGM.**

United States Bankruptcy Court, D. Arizona.

Sept. 30, 1999.

Carl A. Eklund, LeBoeuf, Lamb, Greene & Macrae, Denver, CO, for debtor.

Charles R. Sterbach, Gallagher & Kennedy, Phoenix, AZ, for debtor.

Bennett G. Young, LeBoeuf, Lamb, Greene & Macrae, San Francisco, CA, for debtor.

Seymour Licht, Scottsdale, AZ, debtor pro se.

## ORDER DENYING MOTION FOR RECONSIDERATION; AND ORDER DENYING SECOND MOTION TO COMPEL

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to the Motion for Reconsideration filed by Dr. Seymour Licht and Debtor's Response thereto. A hearing was held July 15, 1999 after which the matter was taken under advisement. After due consideration of the pleadings, the record herein, and under the present posture of the case, the Court finds and concludes the following in making its decision.

### RELEVANT HISTORY AND PLEADINGS FILED

The Court finds and concludes that the relevant history regarding the matter presently before the Court, including a brief summary of the relevant pleadings filed, will be helpful to the Court in deciding the issues. The relevant history and pleading summary follows:

1. On June 21, 1999 Dr. Seymour Licht filed a document titled "Motion to Compel America West Airlines ('AWA') to Comply with the Provisions of Their Plan of Reorganization: Motion to Require AWA to Recall Their Issuing of 1099INT to All Class 5 Creditors in 1994, 1995 and 1998[and] Motion to Require AWA to Compensate Dr. Seymour Licht for Taxes he Incurred as a Result of AWA Issuing the 1099INT's." *See* Docket No. 6741.

2. On June 24, 1999 the Court entered an order denying Dr. Licht's Motion(s) for

"failure to comply with the [Bankruptcy and Local] Rules [of Procedure] and this Court's Order of May 21st, 1993." Among the other rulings made by the Court in its May 21, 1993 order, the Court required Dr. Licht to obtain leave of the Court prior to filing any pleadings in the Bankruptcy case because of Dr. Licht's prior conduct. *See* Docket No. 6744.

3. On June 28, 1999 Dr. Licht filed the instant Motion for Reconsideration regarding the Court's June 17, 1999 order denying Dr. Licht's Motions. Dr. Licht argued that the Ninth Circuit in its November 24, 1994 order and memorandum disposition vacated the Bankruptcy Court's March 1, 1993 order which provided that Dr. Licht was not to file any pleadings in the America West Bankruptcy case without prior approval of the Court. Dr. Licht also stated that the March 1, 1993 order was "reissued" by the Bankruptcy Court on May 21, 1993; Dr. Licht further argued that the Ninth Circuit's November 24, 1994 order and memorandum disposition vacated the Bankruptcy Court's May 21, 1993 order. *See* Docket No. 6742.

4. Dr. Licht has also stated and avowed in open Court that on June 28, 1999 he re-filed his Motion(s).[1] Dr. Licht also stated that there was no substantive difference between the Motion(s) filed on June 17, 1999 and the Motion which was re-filed on June 28, 1999, except that Dr. Licht had used a condensed title.[2]

5. On June 30, 1999 the Court entered an order and notice setting a hearing on Licht's Motion for Reconsideration for July 15, 1999 at 2:00 p.m. *See* Docket No. 6743.

6. On July 12, 1999 Debtor filed its Response to the Motion for Reconsideration. Debtor argues that the Motion for Reconsideration should be denied for a number of reasons. First, the May 21, 1993 order of the Bankruptcy Court, which made a separate finding that Dr. Licht's pleadings were vexatious, was not appealed, and therefore was properly enforced by the Court. Debtors agree that the Ninth Circuit vacated that portion of the March 1, 1993 order prohibiting Dr. Licht from filing further pleadings without prior permission of the Court, but the Debtors also point to the language contained in the Ninth Circuit's opinion, in footnote 2 of the memorandum disposition, which states

1. The Court notes that this "second Motion" which Dr. Licht alleges to have filed is not listed on the Docket. Further, at the time of the July 15, 1999 hearing, Dr. Licht was not able to produce a copy which bears a filing stamp of the Bankruptcy Court Clerk's office. The Court questioned Dr. Licht regarding the "second Motion" and obtained a copy from Dr. Licht. Opposing Counsel stated that it had received a courtesy copy of the pleading; however, the copy received by opposing counsel likewise did not bear any indication from the Bankruptcy Court Clerk's office that the document had been filed. Opposing counsel also noted a discrepancy regarding the signature date and mailing certificate, both of which indicated that the document was executed and mailed on June 17, 1999, which was the original date listed on Dr. Licht's "first Motion(s)," which were filed on June 21, 1999. The Court accepts Dr. Licht's avowal that the "second Motion" was actually filed with the Motion for Reconsideration on June 28, 1999. However, the Court also takes particular note that on June 28, 1999, Dr. Licht was aware that the Court had de- nied the "first Motion(s)" and that the Court ruled that Dr. Licht was prohibited from filing any further pleadings without permission of the Court, pursuant to the Court's May 21, 1993 order. Dr. Licht's "second Motion" would therefore seem to be yet another violation of the Court's May 21, 1993 order and contrary to the Court's June 24, 1999 order denying Dr. Licht's "first Motion(s)."

2. The Court also notes that in its June 24, 1999 denial of Dr. Licht's "first Motion(s)," that the Court specifically noted that Dr. Licht should not combine future motions. The Court was simply stating its long standing procedure against the combining of multiple motions and separate requests for relief into one document. In re-filing his Motion(s) on June 28, 1999 without changing the substance of the Motion(s), and only changing what Dr. Licht has decided to title the Motion(s), Dr. Licht has not followed the Court's June 24, 1999 instruction, and has not helped the Court by refraining to combine multiple motions or separate requests for relief in one document.

that upon the finding of the Court that a party had filed vexatious pleadings, that the Court could prohibit further filings without obtaining prior permission. Debtors also argue that Dr. Licht, in detailing and arguing the legal position of the separate legal entities to which Dr. Licht is affiliated, that Dr. Licht is attempting to impermissibly represent those entities. The Bankruptcy Court had previously ruled that Dr. Licht could not represent the separate legal entities because Dr. Licht is not an attorney; this ruling was affirmed by both the Bankruptcy Appellate Panel and the Ninth Circuit. Debtors also argue that the Bankruptcy Court should deny the Motion for Reconsideration because the Court made the correct decision in summarily dismissing the underlying Motion(s). Debtors argue that the underlying Motion(s) are without merit and should be denied for a number of reasons, including: 1) the proper forum for requesting the relief is through the Internal Revenue Service, and not through the Debtor; 2) the issuance of a 1099INT by a corporation is not absolutely determinative on the tax treatment regarding the subject matter of the 1099INT; Debtors argue that the issue of how income is treated is between the Internal Revenue Service and the individual taxpayer, and that the taxpayer is free to take a position which is inconsistent with the corporation's characterization and report to the Internal Revenue Service, which in this case was through the 1099INTs, when filing his individual tax returns and computing the amount of taxes owed; 3) Debtors followed the existing tax law and legal advice regarding the characterization of the income and the reporting to the Internal Revenue Service through the use of 1099INTs; 4) Dr. Licht has waited too long to bring this alleged incorrect characterization to light; the Debtors issued the first set 1099INTs for the 1994 tax year in 1995, which is approximately four years ago, and the second set of 1099INTs for the 1995 tax year in 1996, which is approximately three years ago; Dr. Licht should be prohibited by laches from bringing these old, stale claims; and 5) Dr. Licht is seeking a mandatory injunction because he is requesting Debtor to recall the previous 1099INTs and also damages from the Debtor for the excess amount of taxes that Dr. Licht paid to the federal and state governments; the relief requested by Dr. Licht is available only in an Adversary proceeding, and the Court should deny the Motion for Reconsideration because the underlying Motion(s) are therefore procedurally defective. *See* Docket No. 6746

7. On July 14, 1999 Dr. Licht filed a "Motion to Strike AWA's Opposition to Licht's 'Motion for Reconsideration' and Mr. Charles R. Sterbach Should Be Sanction [sic] in Accordance with Bankruptcy Rule 9011 and Rule 11 Federal Rules of Civil Procedure." Dr. Licht argues that the Debtor's Response should be stricken from the record because it violates the Bankruptcy Court's June 30, 1999 Order which limited the hearing to the Motion for Reconsideration only. Dr. Licht argues that the Response goes beyond the Motion for Reconsideration by alleging and arguing that Dr. Licht is representing any entities other than himself; Licht argues that Sterbach knows that this allegation is false. Further, Licht argues that the Response also argues the merits of the underlying Motion(s) which is not the subject matter of the instant hearing and that Licht's re-filing of the three Motions into a single Motion has nothing to do with the Motion for Reconsideration. Dr. Licht urges the Court to strike the Response and to enter sanctions against Mr. Sterbach for intentionally disobeying the Court's June 30, 1999 order and for making allegations which are known to be false. *See* Docket No. 6747.

### MOTION TO STRIKE AND MOTION FOR SANCTIONS

Initially, the Court will consider Dr. Licht's "Motion to Strike Debtor's Response and to Enter Sanctions Against Mr. Sterbach." The Court finds and concludes

that the Response filed by the Debtor was proper under the circumstances, and that Debtor's counsel has not violated the Court's previous June 30, 1999 order. The matter before the Court is Dr. Licht's Motion for Reconsideration. As discussed below, there is technically no such thing as a Motion for Reconsideration in the federal courts. Instead, the Courts treat such motions as either a motion for new trial under Federal Rule of Civil Procedure 59, or as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60. Federal Rules of Civil Procedure 59 and 60 are incorporated under the Federal Rules of Bankruptcy Procedure, Rules 9023 and 9024.

■ The Court finds and concludes that relief under Rules 59 and 60 allows the Court to make certain determinations based on the Court's prior order, including whether or not the denial of the underlying motion should stand because the underlying motion is procedurally improper, or the likelihood of the success of the underlying motion. Judicial economy plays a role in making such decisions, i.e. it makes little sense for the Court to reverse a previous ruling when the matter will clearly fail for other reasons. In the instant case, the Court finds and concludes that it is proper for the Debtor to bring forward issues regarding the proper forum for Dr. Licht to file his underlying Motion(s), whether Dr. Licht's Motion(s) are otherwise procedurally improper, whether Dr. Licht has violated this Court's previous orders, and the effect of this Court's previous orders. Based on the foregoing, the Court finds and concludes that Debtor's counsel has not made improper arguments in its Response, and Dr. Licht's "Motion to Strike and Motion for Sanctions Against Mr. Sterbach" is hereby denied.

## MOTION FOR RECONSIDERATION

■ The Court finds and concludes that the Bankruptcy Code does not contemplate motions for reconsideration.

*Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.) *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). *In re Morrison,* 26 B.R. 57, 60 (Bankr.N.D.Ohio 1982). Motions for reconsideration have traditionally been treated as motions to alter or amend a judgment under Fed.R.Civ.P. 59(e). See *Hansen v. Finn (In re Curry and Sorensen, Inc.),* 57 B.R. 824, 827 (9th Cir. BAP 1986). The Court can also consider a motion for reconsideration as a Fed.R.Civ.P. 60 motion for relief from judgment or order. Under Rule 60, the Court may grant relief from a judgment for clerical mistakes by the court; mistake, inadvertence, surprise, excusable neglect by the parties; newly discovered evidence not discovered in time to move for a new trial under Rule 59(b); fraud, misrepresentation or misconduct of a party; because of a void judgment; on the basis that the judgment has been satisfied; or any other reason justifying relief from judgment. Fed.R.Civ.P. 60(b).

■ A motion for reconsideration should not be used to ask the court "to rethink what the court had already thought through—rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983); *see Refrigeration Sales Co. v. Mitchell–Jackson, Inc.,* 605 F.Supp. 6, 7 (N.D.Ill.1983). Arguments that the court was in error on the issues it considered should be directed to the court of appeals. *See Refrigeration Sales Co.* 605 F.Supp. at 7.

## PREVIOUS ORDERS ENTERED BY THE BANKRUPTCY AND APPELLATE COURTS

The Court finds and concludes, based on the entire record of this case, that there were multiple orders entered by the Bankruptcy Court prohibiting Dr. Licht from filing any future pleadings in the Bankruptcy case without first obtaining prior permission. The Court finds and concludes on this record that Dr. Licht filed an appeal to the March 1, 1993 order.

Ultimately, in its holding which is detailed below, the Ninth Circuit overturned that portion of the March 1, 1993 order which required Dr. Licht to first obtain permission before filing any further pleadings. As shown in detail below, the Ninth Circuit's ruling indicated that there was not a sufficient finding on the part of the Bankruptcy Court as of March 1, 1993 for the Bankruptcy Court to require Dr. Licht to first obtain permission before filing any further pleadings. The Ninth Circuit did hold that the Bankruptcy Court could enter such a sanction against Dr. Licht upon further findings.

### THE DISPOSITION OF THE MARCH 1, 1993 ORDER

On March 1, 1993 the Bankruptcy Court entered an order which prohibited Dr. Licht from representing any separate entities and which also prohibited Dr. Licht from filing any future pleadings in this particular Bankruptcy case without requesting prior permission. In the March 1, 1993 order, the Court ruled:

> Therefore, since Dr. Licht and "See More Light Investments"' entire standing is questionable the subject Motion is denied and he is directed not to file any subsequent motions or pleadings without prior approval of the Court. So Ordered.

> *In re America West Airlines, Inc.*, No. B–91–07505–PHX–RGM, Docket No. 2954, p. 2 (Bankr.D.Ariz. filed March 1, 1999).

On March 3, 1993 Dr. Licht filed a Motion to Vacate the March 1, 1993 order. *See* Docket No. 2971.

On March 4, 1993 the Bankruptcy Court entered an order denying Dr. Licht's Motion to Vacate the March 1, 1993 order. *See* Docket No. 2985.

On March 9, 1993 Dr. Licht filed a Notice of Appeal regarding the March 1, 1993 order. *See* Docket No. 3004.

The initial appeal of the Bankruptcy Court's March 1, 1993 order was heard by the Bankruptcy Appellate Panel of the Ninth Circuit. The Bankruptcy Appellate Panel affirmed the Bankruptcy Court's March 1, 1993 order. *See Licht v. America West Airlines, Inc. (In re America West)*, 164 B.R. 315 (9th Cir. BAP 1994), *affirmed in part, vacated in part*, 40 F.3d 1058 (9th Cir.1994).

The matter was then appealed to the Ninth Circuit, which affirmed in part and reversed in part. The Ninth Circuit issued both a published opinion and an unpublished memorandum disposition in resolving the pending appeal.

The Ninth Circuit, in its published opinion of *Licht v. America West Airlines (In re America West Airlines)*, 40 F.3d 1058 (9th Cir.1994), affirmed the Bankruptcy Court's ruling that Dr. Licht was not allowed to represent any separate entities in court because he was not an attorney. On the same day that the Ninth Circuit issued its published opinion, it also issued an unpublished memorandum disposition regarding whether Dr. Licht could represent himself and whether the Bankruptcy Court had abused its discretion by prohibiting Dr. Licht from filing any further pleadings without prior permission of the Bankruptcy Court. The Ninth Circuit ruled that to the extent that Dr. Licht is an individual creditor of the America West Debtor, that he is entitled to represent himself pro se; the Ninth Circuit also confirmed its published opinion which held that Dr. Licht could not represent any other separate entities. The Ninth Circuit ruled that the Bankruptcy Court's March 1, 1993 order requiring Dr. Licht to obtain leave of the Court before filing any pleadings was overly broad in that it prevented Licht from participating pro se as an individual creditor. The Ninth Circuit also specifically stated:

> The bankruptcy court, in its discretion, has the power to enjoin a party from filing pleadings that are *vexatious, duplicative, or frivolous.* (citations omitted) (emphasis added)

*See Licht v. America West Airlines (In re America West Airlines)*, No. 94–15631, slip op. at 4, n. 2 (9th Cir. Nov. 25, 1994) (Memorandum Disposition). The Ninth Circuit noted in footnote two of the memorandum disposition that the Bankruptcy Court had not made such a determination that Dr. Licht's pleadings were vexatious, duplicative or frivolous before entering its order on March 1, 1993 prohibiting Dr. Licht from filing any further pleadings without prior Bankruptcy Court approval. Footnote two further states:

> Nevertheless, we admonish Licht that *to the extent his filings in the bankruptcy court are vexatious, duplicative, or frivolous, he may be subject to sanctions,* including, but not limited to, the bankruptcy court's enjoining him from filing subsequent pleadings and motions.

(citations omitted) (emphasis added) *Id.*

The Court finds and concludes that the only order which was appealed and which was the subject of the Ninth Circuit's November 25, 1994 published opinion and separate unpublished memorandum disposition is the Bankruptcy Court's March 1, 1993 order. The Court further finds and concludes on this record that no other order, besides the March 1, 1993 order was considered by the Bankruptcy Appellate Panel or the Ninth Circuit in issuing their subsequent rulings.[3] The Court also finds and concludes that there is no indication on this record that any other orders entered by the Bankruptcy Court were consolidated into Dr. Licht's appeal of the Bankruptcy Court's March 1, 1993 order.

## SUBSEQUENT ORDERS ENTERED BY THE BANKRUPTCY COURT

The Court finds and concludes that in addition to the March 1, 1993 order, the Bankruptcy Court entered subsequent orders on May 5, 1993 and May 21, 1993 which made specific findings that Dr. Licht's pleadings and actions were disruptive, vexatious, and acted to unnecessarily waste the Court's and other parties' time. The Court also finds and concludes that none of the other subsequent orders were appealed by Dr. Licht, and there is no indication in this record that these subsequent orders, or the findings therein, were otherwise made a part of any pending appeal.

On May 6, 1993 the Court entered an order denying Dr. Licht's Motion for Stay Pending Appeal. The Court noted in its ruling that Dr. Licht failed to seek permission to file the Motion for Stay Pending Appeal and that Dr. Licht was again in violation of the Court's March 1, 1993 order. In denying the stay pending appeal, the Court made a ruling that,

> [Dr. Licht's] participation in the pending litigation between the Equity Committee and a General Electric Capital Public Finance, Adv. 93–253 would be highly disruptive and impede the litigation.

> *In re America West Airlines, Inc.,* No. B–91–07505–PHX–RGM, Docket No. 3177, p. 4, (Bankr.D.Ariz. Filed May 5, 1993).

The Court also found that the harm to Dr. Licht in denying the stay pending appeal would be nominal because the only requirement imposed by the Bankruptcy Court was that Dr. Licht must merely seek permission from the Court prior to filing any pleadings or motions. The Court also addressed the rationale for requiring business associations and corporations to be represented by an attorney. The Court cited *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2nd Cir.

---

**3.** The Court notes that the February 2, 1994 ruling by the Bankruptcy Appellate Panel does indicate as part of the procedural history Dr. Licht's March 3, 1993 Motion to Vacate the March 1, 1993 order, and the Bankruptcy Court's denial of Dr. Licht's Motion to Vacate, however, the record is clear that the appeal was from the Bankruptcy Court's March 1, 1993 order and no other subsequent orders were identified or reviewed by the Bankruptcy Appellate Panel.

1991), and included a direct and lengthy quotation regarding the many problems that can be encountered with a lay litigant, including awkwardly drafted pleadings, inarticulate motions, needlessly multiplicative proceedings, and a lay person's lack of an attorney's ethical responsibilities, e.g. to avoid litigating unfounded or vexatious claims. Further, the Court made the following ruling,

> Dr. Licht's conduct has been disruptive and has wasted other parties' time and resources, including but not limited to this Court, the Debtor, and the Equity Committee. Thus, if the stay [pending appeal] is granted, Dr. Licht will continue to cause the same problems that *Eagle Associates, supra*, criticized.

*In re America West Airlines, Inc.*, No. B–91–07505–PHX–RGM, Docket No. 3177, p. 6, (Bankr.D.Ariz. Filed May 5, 1993).

On May 21, 1993 the Court entered an Order Denying Dr. Licht's Motion for Leave from the Court. Dr. Licht's Motion was a request for permission to file objections to three pending Fee Applications and an objection to the Debtor's Application for the Extension of the Exclusivity Period. The Court found that,

> Dr. Licht's objection to the Application to Extend [the Exclusivity Period] will not assist the Court in making its decision because Dr. Licht's prior objections to the Applications to Extend have been without merit and were vexatious.... Similarly, Dr. Licht's objections to the Fee Applications will not assist the Court in making its decision. Thus, the Motion is denied and Dr. Licht may not file any pleadings regarding the above mentioned matters nor any other pleadings without prior approval of the Court. So ordered.

*In re America West Airlines, Inc.*, No. B–91–07505–PHX–RGM, Docket No. 3205, p. 1–2, (Bankr.D.Ariz. Filed May 21, 1993).

The Court finds and concludes on the record before it that on at least three separate occasions, it has entered separate orders prohibiting Dr. Licht from filing any further pleadings in this Bankruptcy case without obtaining prior permission of the Bankruptcy Court. The Court further finds and concludes that each of these three orders, even if they include a restatement of, or are based upon, a previously entered order of the Court, are separately enforceable by the Court. The Court also finds and concludes that the May 5, 1993 order suggests that the Court was concerned with Dr. Licht's prior and continuing conduct and further, the Court found Dr. Licht's conduct to be disruptive and thereby had caused a waste of other parties' time and resources, including, but not limited to this Court, the Debtor, and the Equity Committee. The Court finds and concludes that the May 21, 1993 order made a specific and unambiguous finding that at least some of Dr. Licht's previous pleadings had been without merit and were vexatious; the Court denied Dr. Licht's Motion for leave from the Court, and the Court again stated that Dr. Licht may not file any pleadings in the present case without prior approval of the Bankruptcy Court.

The Court finds and concludes that Dr. Licht's argument at the July 15, 1999 hearing that the Ninth Circuit's memorandum disposition applied to all orders entered by the Bankruptcy Court before November 25, 1995 is also without merit, groundless, and is not presented in good faith. Dr. Licht failed to appeal any of the subject orders, other than the March 1, 1993 order. The March 1, 1993 order, and the Bankruptcy Appellate Panel's affirmance of the March 1, 1993 order, is the only specific action by the Bankruptcy Court mentioned in the Ninth Circuit's published opinion and separate unpublished memorandum disposition. The Ninth Circuit also specifically stated that if the Bankruptcy Court had made a finding that Dr. Licht had filed vexatious, duplicative, or frivolous pleadings, that it was within the Bankruptcy Court's discretion to prohibit

Dr. Licht from filing any further pleadings in the case. The Court finds and concludes that such a finding of vexatiousness was made by the Court in its May 21, 1993 order. The Court also considers that the May 5, 1993 order implies that Dr. Licht had previously filed frivolous and vexatious pleadings with its holding that "Dr. Licht's conduct has been disruptive and has wasted other parties' time and resources." Therefore, in the context of the plain meaning of the Ninth Circuit's November 25, 1994 memorandum disposition and the directions and admonitions therein, the Court finds and concludes that there is no support whatsoever for the argument that the Ninth Circuit was considering anything beyond the March 1, 1993 order, and the findings contained therein.

█ Therefore, based on the foregoing, the Court finds and concludes that Dr. Licht has violated this Court's previous orders requiring Dr. Licht to obtain prior permission before filing any motions or pleadings in this case. Accordingly, the Motion for Reconsideration can be denied on this ground alone.

## DR. LICHT'S UNDERLYING REQUESTS FOR RELIEF

However, the Court shall also briefly consider the underlying Motion(s) in making its determination regarding Dr. Licht's Motion for Reconsideration. The Court finds and concludes that judicial economy is also served by an initial review of the underlying Motion(s). It would make little sense, and would therefore be a waste of judicial resources, for this ·Court to proceed with a full hearing on Licht's underlying Motion(s) if they were clearly without merit and groundless. The Court does find and conclude on the record before it that the underlying Motion(s) filed by Dr. Licht are vexatious, frivolous, and filed without reasonable cause or legal ground.

Black's Law Dictionary defines *vexatious* as: "Without reasonable or probable cause or excuse." (citation omitted) Black's

Law Dictionary, 1565 (6th ed.1990). Black's defines *frivolous* as: "Of little weight or importance." *Id.*, at 668. The additional comment regarding the definition of frivolous states,

A pleading is "frivolous" when it is clearly insufficient on its face, and does not controvert the material points of the opposite pleading, and is presumably interposed for mere purposes of delay or to embarrass the opponent. A claim or defense is frivolous if a proponent can present no rational argument based on the evidence or law in support of that claim or defense.

(citations omitted) *Id.*

Dr. Licht, through the pleadings filed with this Court on June 17, 1999, has requested that the Court order the Debtor to comply with the confirmed Plan of Reorganization and also to require the Debtor to withdraw all of the 1099INTs issued as a result of distributions to Class 5 members of the Plan. Dr. Licht states that he obtained stock in the reorganized Debtor as a result of the confirmed Plan of Reorganization. Dr. Licht also states that he received distributions in 1994, 1995, and 1998 as a Class 5 member under the Plan. Dr. Licht stated at the hearing that he did not object to the 1099INTs earlier because he did not think about the matter until after the 1998 distribution, and it was at that time that Dr. Licht decided to dispute the 1099INTs. Dr. Licht charges that he was somehow injured by the Debtor's filing of the 1099INTs, and that the filing of the 1099INTs were in violation of the confirmed Plan of Reorganization because Dr. Licht was required to pay a higher amount of income taxes for the 1994, 1995, and 1998 tax years. Dr. Licht contends that instead of general income, the tax consequence on the distributions made in accordance with the Plan should have been treated as a capital gain. Dr. Licht explains that because he possessed a carryover of net capital loss, that he should have been able to offset his net capital loss against the new capital gains that were

represented by the distribution. As a result of the Debtor's issuing the 1099INTs and the resulting characterization of the distribution as income, Dr. Licht was required to pay more money in federal and state taxes.[4]

 The Court finds and concludes on this record that Dr. Licht's arguments that the 1099INTs were in violation of the provisions of the confirmed Plan of Reorganization, and the request that the Court should require the Debtor to withdraw the previous 1099INTs, are vexatious, frivolous, and without merit. The Court notes that Dr. Licht has not provided any relevant legal authority to support his position. Dr. Licht has instead simply made the argument that neither the Plan nor the Disclosure Statement specifically indicated that 1099INTs would be issued and then reported to the Internal Revenue Service. The Court finds that Dr. Licht's arguments serve as yet another waste of the parties' time and resources.

The Court, having reviewed the confirmed Plan of Reorganization, finds and concludes that the Debtors have complied with the provisions of the confirmed Plan of Reorganization and that the Debtors have made the appropriate distributions in accordance therewith. The Court further finds and concludes that the Debtor maintains a continuing obligation to report such distributions pursuant to the separate applicable provisions of the Internal Revenue Code. The Court also finds that Dr. Licht has not shown or argued that the Debtor has violated the reporting requirements, or shown that the Debtor filed an incorrect report to the Internal Revenue Service. Regardless, the Court further finds and concludes that the proper forum for Dr. Licht to dispute his tax treatment, or his eligibility to offset his previous capital loss against the effect of the Plan's distribution,

is through the Internal Revenue Service and the Tax Court.

Based on the foregoing, the Court finds and concludes that the underlying Motions are without merit and that it would be a waste of judicial resources to grant the Motion for Reconsideration on a meritless argument. The Court would therefore also deny the Motion for Reconsideration for this separate reason.

Accordingly,

IT IS ORDERED denying Dr. Licht's Motion for Reconsideration for all of the reasons stated;

IT IS FURTHER ORDERED denying Dr. Licht's Second Motion to Compel.

IT IS SO ORDERED as a final order thereon.

---

4. The Court notes that at the July 15, 1999 hearing that Dr. Licht stated that he had contacted the Internal Revenue Service via a telephone call and that he was presently waiting for a response from the Internal Revenue Service regarding the tax treatment of the distributions made to him under the Plan.